(75 South. 468)

MUDD et al. v. GRAY. (6 Div. 535.)

(Supreme Court of Alabama. April 26, 1917. Rehearing Denied May 24, 1917.)

I. LANDLORD AND TENANT ☞167(8)—LIABILITY OF LANDLORD — COMMON STAIRWAYS — INVITEES OF TENANT—"INVITATION."

Where plaintiff was injured on a stairway in an office building jointly owned and controlled by defendants and reserved by them for the use in common of different tenants, the obligation of the landlord to keep the stairway in repair extended, not only to the tenant, but to his licensees by invitation, whether express or implied, the word "invitation" meaning a case where the person entered the premises because he was led to believe that they were intended to be used by visitors or passengers, and that such use was not only acquiesced in by the owner or person in possession or control of the premises, but was in accordance with the intention or design with which the way or place was adapted and prepared, or allowed to be so used.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 676, 679.

For other definitions, see Words and Phrases, First and Second Series, Invitation.]

2. LANDLORD AND TENANT ☞167(8)—DUTIES OF LANDLORD IN COMMON STAIRWAY—INVITEE OF TENANT.

Where plaintiff employed the stenographer of defendant's tenant to do some work for him, for which he paid her, and after coming to the tenant's office, to receive a check to cover the transaction, was injured in the common stairway of the building, plaintiff was by implication, at least, an invitee of the tenant, and as such was neither a trespasser nor a mere licensee by permission, and it was not necessary that the stenographer should have received compensation for that particular transaction to bring plaintiff within the protection of the rule in regard to invitees, since a visitor comes within the protection of the rule, not only where he visits the place for a purpose connected with the business in which the occupant is engaged, but also in connection with the business which the occupant permits to be carried on there.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 676, 679.]

3. APPEAL AND ERROR ☞901 — BURDEN TO SHOW ERROR—PRESUMPTION.

The duty rests upon the appellants to clearly point out error, and all reasonable presumptions are indulged in favor of the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1771, 3670.]

4. APPEAL AND ERROR ☞634—REVIEW—RECORD.

Where a record showed that the complaint originally consisted of one count, which was afterwards amended by striking therefrom one of the parties defendant, and subsequently amended by additional counts 1 and 2, and demurrers were filed to the complaint, and to the complaint as amended, which did not seem to be directed to any particular count, the judgment of the court shows that the demurrers to the complaint as amended were overruled, and the minute entry shows that the general issue was then pleaded, but the plaintiff amended his complaint by another separate paper that day filed, and the defendants demurred to the complaint as last amended, which demurrers were sustained, no reference appearing in either instance to any particular count of the complaint, and that thereupon the plaintiff withdrew count 1 of the complaint as amended, the record on appeal is in so confused a condition as to present no question involving any of the substantial rights of the parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2775, 2829.]

Appeal from Circuit Court, Jefferson County; E. C. Crow, Judge.

Suit by F. P. Gray against W. S. Mudd and others. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Suit by appellee (plaintiff) against the appellants to recover damages for injuries received by plaintiff, resulting from a fall on the stairway of a building owned by the

defendants in the city of Birmingham. Said stairway led to the second floor of said building, where the offices of tenants of the defendants were located, and was owned and controlled by said defendants. It was insisted by the plaintiff that on each side of the stairway was a banister or railing used as a support by persons entering or departing from said building; that the plaintiff had been in the office of one of the tenants of the defendants, where he had business, and was departing therefrom by means of said stairway, when the banister on one side gave way, causing plaintiff to fall a long distance down said stairway, whereby his right knee was wrenched and sprained and his body bruised. It was also insisted on the part of the plaintiff that defendants were the owners of the lots on which said buildings were located; that defendants W. S. and J. P. Mudd were joint owners of the west half of lot 19 in block 100 in the city of Birmingham, and the building situated thereon; and that defendants W. V. M. and H. M. Robertson were joint owners of the east half of lot 18 and the building situated thereon. The said adjoining buildings were connected by a common stairway, and were used as office buildings, being occupied by the tenants of said owners. The defendants owned and controlled the stairway between said buildings, which was used as a place of ingress and egress to and from the buildings by the public who might have business with said tenants. It was further insisted that the plaintiff had business in an office occupied by one of the tenants of the defendants on the second floor of said building. The defendants requested the affirmative charge, which was refused. The jury returned a verdict for the plaintiff in the sum of $316.50, from which judgment the defendants prosecute this appeal.

Percy, Benners & Burr and J. P. Mudd, all of Birmingham, for appellants. Edgar Allen, of Birmingham, for appellee.

GARDNER, J. The facts established without dispute may be summarized as follows:

Appellants (defendants in the court below) were the owners of adjoining lots, together with the buildings thereon, in the city of Birmingham. The said adjoining buildings were connected by a common stairway. The second floor of the buildings was used as offices and rented to various tenants. The defendants owned and jointly controlled the stairway leading to the second floor, by means of which stairway the offices on said floor were reached by the public. It further appears that one Brintle was a tenant in the building owned by the appellants W. S. and J. P. Mudd, occupying one of the rooms as an office; that in his employment, as a stenographer, was one Miss Woodie, who had been in his employ for a period of nine years, and who testified that Mr. Brintle had occu-

pied his said office for a period of eight years. She further testified that she was a notary public, and that she did extra work, such as fixing up papers for third parties in matters having no connection with the business of Mr. Brintle; that the plaintiff had employed her to draw up a paper for him, and had paid her for her services. On the day plaintiff was injured she had telephoned him to come to the office, as she had a check for him. This check was in payment of one of the notes which she had drawn up for the plaintiff, for which service she had been compensated. The plaintiff came in answer to the telephone call to the office of Mr. Brintle, where the young lady delivered the check to him. She received no compensation for this particular service, and Brintle had no connection with the transaction. Upon the plaintiff's departing from the building he was injured as a result of the banister giving way, and causing him to fall on the stairway, as disclosed in the statement of the case.

The insistence made in the trial court, and also urgently presented in appellants' brief, is that for the plaintiff to recover it must be shown that he went to the office on business in connection with that of the tenant Brintle; otherwise, he is a mere licensee, and not entitled to invoke the rule as to the landlord's obligation to the tenants and invitees. The duty which the landlord owes to the tenant, his guest, or invitee, as well also to third persons, in cases of this character, has been the subject of much discussion by the courts, resulting in some conflict of views, and whether the landlord retains possession and control of the premises or surrenders it to the tenant is considered of much importance in its bearing upon his duty both to the tenant and third parties.

[1] In the instant case, the plaintiff was injured on a stairway jointly owned and controlled by the defendants, and reserved by them for the use in common of the different tenants. Where such is the case, the authorities seem to be very generally agreed that it is the duty of the landlord to use reasonable care to keep in good repair and safe condition such reserved portions of the premises; and if he negligently fails to do so, and the third person on the premises, on the express or implied invitation of the lessee, is injured on account of such defective or unsafe condition, while exercising due care, the lessor is responsible therefor. See note to Thomas v. Lane, L. R. A. 1916F, 1087–1089, and authorities there cited. In speaking of the question as to whom the obligation of landlord should extend as to such passageways used in common by the tenants, Mr. Tiffany, in his work on Landlord and Tenant (1 Tiffany, § 98), says:

"It is impossible to state with exactness the classes of persons to whom the landlord is thus under an obligation to keep safe the passageways or other places used in common by the tenants,

as having impliedly invited them to use such places. It seems that they should be such persons as the landlord would have reason, in view of the nature of the premises leased to the individual· tenants, the circumstances of the leasing, and the nature of the place in question, to expect to be in such place. This is perhaps the general tendency of the decisions, though as a matter of fact the question has rarely arisen whether a particular person bore such a relation to the tenant that he was within the scope of the landlord's implied invitation to use the common passageways or other common places."

In Cleveland, C., C., etc., R. R. Co. v. Means, 59 Ind. App. 383, 104 N. E. 785, 108 N. E. 375, the distinction is drawn between the· licensee by permission only and a licensee by inducement or invitation, whether expressly or by implication. In speaking of the word "invitation" in this connection, this court, in Ala. Gr. So. R. R. Co. v. Godfrey, 156 Ala. 202, 47 South. 185, 130 Am. St. Rep. 76, said:

"The term 'invitation,' within the rule that the owner of the property who has held out any invitation, allurement, or inducement for others to come upon the property, must keep his premises in a safe condition, imports 'that the person injured did not act merely for his own convenience and pleasure, and from motives to which no act or sign of the owner or occupant contributed, but that he entered the premises because he was led to believe that they were intended to be used by visitors or passengers, and that such use was not only acquiesced in by the owner or person in possession or control of the premises, but that it was in accordance with the intention and design with which the way or place was adapted and prepared or allowed to be so used.' The true distinction is this: A mere passive acquiescence by an owner or occupier in a certain use of his land by others involves no liability; but, if he directly or by implication induces persons to enter on and pass over his premises, he thereby assumes an obligation that they are in a safe condition, suitable for use, and for a breach of this obligation he is liable in damages to a person injured thereby."

A reading of the authorities would clearly disclose that the obligation of the landlord, under the facts of this case, as to keeping in repair the stairway used in common by the different tenants and controlled by the landlord, extended not only to the tenant, but to his invitees, whether expressly or by implication. See in this connection the following cases: Barron v. Liedloff, 95 Minn. 474, 104 N. W. 289; Domenicis ·v. Fleisher, 195 Mass. 281, 81 N. E. 191; Gallagher v. Murphy, 221 Mass. 363, 108 N. E. 1081; Burke v. Hulett, 216 Ill. 545, 75 N. E. 240; Loucks v. Dolan, 211 N. Y. 237, 105 N. E. 411; Wilson v. Jones (Mo. App.) 182 S. W. 756; Hinthorn v. Benfer, 90 Kan. 731, 136 Pac. 247, L. R. A. 1915B, 98; Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580; Dollard v. Roberts, 14 L. R. A. 238 (note); Miller v. Geeser, 193 Mo. App. 1, 180 S. W. 3; Thomas v. Lane, 221 Mass. 447, 109 N. E. 363, L. R. A. 1916F, 1087.

[2] It has also been held, in regard to places of business, that the visitor comes within the protection of this rule, not only when he visits the place for a purpose connected with the business in which the occupant is engaged, but also in connection with the business which the occupant permits to be carried on there. 2 Jaggard on Torts, 896; Plummer v. Dill, 156 Mass. 426, 31 N. E. 128, 32 Am. St. Rep. 463. In the very recent case of Southern Ry. Co. v. Bates, 194 Ala. 78, 69 South. 131, L. R. A. 1916A, 510, this court quoted with approval the following· extract from Pollock on Torts, p. 417:

"It is not necessary that there should be any direct or apparent benefit to the occupier for the particular transaction, to subject the owner to liability for not maintaining a safe place."

The young lady stenographer of the tenant Brintle was also a notary public, and was permitted in his office to do extra work for third parties, for which she received compensation. The plaintiff, in the instant case, had employed her to do some work for him, for which service he had paid her, and had been invited by her to come to the office to receive a check which grew out of this transaction. Under the facts as here disclosed, the plaintiff was, by implication at least, an invitee of the tenant Brintle, and as such was neither a trespasser nor a mere licensee by permission, and it was therefore not necessary that the stenographer should have received compensation for that particular transaction to bring plaintiff within the protection of the rule.

The conclusion we have here reached is well supported in principle by the case of Southern Railway Co. v. Bates, supra, though the instant case rests, of course, upon different facts. We therefore conclude that the affirmative charge was properly refused.

In the conclusion of the brief for appellants, some argument is presented on the action of the court in overruling the demurrers to the complaint. The state of this record does not require that we should determine whether or not the complaint was in strict accord with the rules of pleading.

The complaint originally consisted of one count, which was afterwards amended by striking therefrom one of the parties defendant. Said complaint was subsequently amended by the addition of counts A and 2. Demurrers were filed to the complaint, and to the complaint as amended, which do not seem to be directed to any particular count thereof. The judgment of the court shows that the demurrers to, the complaint as amended were overruled.

We construe the record as disclosing two amendments, the first relating to the amendment of count 1, by striking out one of the parties defendant, to which count demurrers were interposed; and we construe the judgment entry just referred to as having reference to such demurrers. The minute entry shows that the general issue was then pleaded, but·the plaintiff amended his complaint by another separate paper that day filed, and the defendants demurred to the complaint as last amended, which demurrers were sustained; no reference appearing .in either in-

stance to any particular count of the complaint. Thereupon the plaintiff withdrew count 1 of the complaint as amended.

[3] The duty rests upon appellants to clearly point out error, and all reasonable presumptions are indulged in favor of the trial court.

[4] The record as here presented is in so confused a condition that it clearly appears no duty rests upon the court to consider this question of pleading, and, which presents no question involving any of the substantial rights of the parties. Finding no reversible error in the record, the judgment of the court below will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.