(101 South. 585)

**PEARCE v. SLOSS–SHEFFIELD STEEL & IRON CO. (6 Div. 15.)**

(Supreme Court of Alabama. Oct. 16, 1924.)

Landlord and tenant ⊂⇒167(9) — Owner of building in state's possession, under contract to furnish light free of charge, held liable for defective wiring.

Corporate owner of building in possession of state as prison and hospital for convicts hired by owner, which contracted to light buildings for state free of charge, necessarily retained control of electric wiring and was liable for negligence in permitting wiring to become defective, resulting in fire which destroyed personalty belonging to state's employees.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action for damages by Mrs. J. E. Pearce against the Sloss-Sheffield Steel & Iron Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Charge 9, given at defendant's request, is as follows:

"The court charges the jury that you are not authorized to find a verdict for the plaintiff, unless you believe the plaintiff's loss was a proximate result of some defect which existed in the premises at the time they were delivered by the defendant to the state of Alabama, and unless you further believe from the evidence that such defect was known to the defendant at the time, and was concealed from the officers, servants, or agents of the state of Alabama."

Nesmith & Garrison and J. Reese Murray, both of Birmingham, for appellant.

A landlord who contracts to furnish lights for leased premises is liable to persons on the premises in the right of the tenant, who are injured as a proximate result of the landlord's negligence in causing or allowing the electric wiring to become defective. Tiffany on Landlord and Tenant, 671; 24 Cyc. 1126; 16 R. C. L. 1071; Poor v. Sears, 154 Mass. 539, 28 N. E. 1046, 26 Am. St. Rep. 272; 20 C. J. 340; Hanton v. New Orleans, etc., Co., 124 La. 562, 50 So. 544; Union L. H. & P. Co. v. Arntson, 157 F. 541, 87 C. C. A. 1.

Tillman, Bradley & Baldwin and W. M. Rogers, all of Birmingham, for appellee.

A landlord is not liable for injury caused by defects in the premises, except that resulting from latent defects known to him at the time of the leasing, and which he conceals from the tenant. Morgan v. Sheppard, 156 Ala. 403, 47 So. 147; Charlie's Transf. Co. v. Malone, 159 Ala. 325, 48 So. 705; Anderson v Robinson, 182 Ala. 615, 62 So. 512, 47 L. R. A. (N. S.) 330, Ann. Cas. 1915-D, 829; Hallock v. Smith, 207 Ala. 567, 93 So. 588; Smith v. Hallock, 210 Ala. 529, 98 So. 781.

GARDNER, J. Appellant brought this suit against appellee to recover damages for certain personalty lost in the destruction by fire of a building owned by appellee, but in possession of the state of Alabama, and in which appellant and her husband were residing while in the employ of the state.

At the conclusion of the evidence plaintiff added count B, and withdrew all other counts. This count rested for recovery upon the alleged negligence of the defendant in allowing the electric wiring in said building to become defective, thus causing the fire and the consequent destruction of the plaintiff's personalty. The cause was submitted to the jury upon this count and the plea of the general issue thereto, resulting in a verdict and judgment for defendant, from which plaintiff has prosecuted this appeal.

The defendant had entered into a contract in writing with the state for the hire of certain convicts, under the terms of which defendant was to furnish buildings suitable for prisons and hospitals. The building, the destruction of which is here involved, was a hospital furnished to and occupied by the state under this contract. Plaintiff's husband was employed by the state at this prison as a dentist, and she and her husband were occupying a room in the hospital when it was destroyed by fire. Plaintiff was also engaged in work for the state. There was evidence to the effect that the fire originated in the ceiling or top of the building. The hospital was a frame building, lighted by electricity, and there was evidence tending to show that the wiring was defective, improperly or insufficiently insulated, and dangerous on account of fire. A detailed discussion of the evidence as to the origin of the fire is deemed unnecessary. Suffice it to say. we are persuaded, after a careful examination, that the evidence was sufficient for the jury's determination that the fire in fact originated from the alleged defective wiring. The defendant generated its own electricity, and the power used to light this building came from Birmingham over defendant's private line. As previously noted, under the contract with the state, defendant

was to furnish the buildings, and it was also provided that the state was to keep the same in good repair.

The defendant, by way of answer to this cause of action, insisted upon the principle recognized in this state, that the landlord is not liable in tort for injury caused by defects in the premises to the tenant, his family, servants, or guests, except for injuries resulting from latent defects known to him at the time of the leasing, and which he conceals from the tenant. Anderson v. Robinson, 182 Ala. 615, 62 So. 512, 47 L. R. A. (N. S.) 330, Ann. Cas. 1915D, 829; Smith v. Hallock (Ala. Sup.) 98 So. 781.[1] The trial court accepted this theory of the defendant, and gave, at its request, charge which we have numbered 9, found on page 26 of the transcript, which action of the court is assigned as error on this appeal. We are of the opinion the principle above stated, and upon which defendant relied, was incorrectly applied under the facts of this particular case.

The contract further provided that the defendant would "furnish to the state, free of charge, lights, heat, and water for the prisons and hospital." The buildings, the lighting of which defendant was thus obligated, were electrically lighted, and, of course, the electric wires formed as important a factor as the electric power itself, and furnishing and maintaining these wires constituted a necessary incident to the lighting of the buildings. The defendant therefore necessarily retained control over the wiring, and the following well-recognized principle, as found stated in 16 R. C. L. p. 1072, is applicable:

"A landlord may, however, while renting premises, reserve certain parts thereof for his own use and retain them under his own control, and, where this is the case, the responsibility rests with him to see no injury results, either to his tenant or other persons having rights there, as servants, guests, or customers of the tenant, by reason of the manner in which such portion of the premises is occupied or used."

This principle was given recognition and effect by this court in the case of Mudd v. Gray, 200 Ala. 92, 75 So. 468, though the facts of that case are not analogous to those here presented.

In the note to the above-cited text is found the case of Poor v. Sears, 154 Mass. 539, 28 N. E. 1046, 26 Am. St. Rep. 272, which bears close analogy to the instant case. It was there held by the Massachusetts court that, where the owner of a building, leasing a part of it, undertakes for a consideration to transmit power to the leased premises for the use of his tenant, he is bound to exercise reasonable care that the pulleys and shafting used for that purpose are in a suit-

able condition to do the work without danger to persons rightfully on the leased premises, and themselves in the exercise of due care; and, if a servant of the tenant so on the premises is injured by the negligence of the landlord in the use of such shafting and pulleys, the latter is liable therefor. In discussing the question of the landlord's liability under such circumstances, the court said:

"It was his duty, as an ordinarily prudent man, to see that, as against persons rightfully on the premises, and in the exercise of due care, the shafting and pulleys which he was using were suitable and safe for the purpose, and that the appliances used by him for transmitting power were properly managed by his servants. * * * He used them as they were, and he must be held to have taken the risk attending their use."

As previously stated, in the instant case the defendant necessarily retained control over all agencies essential to the lighting of these premises, including, of course, the wiring. Under these circumstances, therefore, the case of Poor v. Sears, supra, is directly in point, and not distinguishable in principle.

The conclusion is therefore reached that the trial court proceeded upon an erroneous theory, and erred in giving the charge above referred to.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

