This is a premises liability case involving the duty of care owed by a landlord to a tenant's social guest, when the tenant's guest is injured in an area other than the demised premises. Plaintiff/Appellant Norma L. Hancock, appeals from a summary judgment in favor of Defendant/Appellee, Alabama Home Mortgage Company. Mrs. Hancock received injuries from a fall sustained while traversing from her nephew's apartment unit to the apartment complex's swimming pool.
Restatement (Second) of Torts, § 360 (1965), states:
 "A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risks involved therein and could have made the condition safe."
This has long been the rule in this State. In Mudd v. Gray,200 Ala. 92, 93, 75 So. 468, 469 (1917), it was held:
 ". . . the plaintiff was injured on a stairway jointly owned and controlled by the defendants, and reserved by them for *Page 859 
the use in common of the different tenants. Where such is the case, the authorities seem to be very generally agreed that it is the duty of the landlord to use reasonable care to keep in good repair and safe condition such reserved portion of the premises; and if he negligently fails to do so, and the third person on the premises on the express or implied invitation of the lessee, is injured on account of such defective or unsafe condition, while exercising due care, the lessor is responsible therefor."
Furthermore, Restatement (Second) of Torts, § 360 (1965), Comment F, provides:
 ". . . If the terms of the lease entitle the lessee to permit third persons to come upon the part of the land retained within the lessor's control, it is immaterial whether they come as invitees of the lessee or as his licensees. It is the lessor's business, as such, to afford his lessee facilities for receiving all persons whom he chooses to admit for any legitimate purpose. Therefore, a person who, as between himself and the lessee, is a licensee enters the land on a matter directly connected with the business of the lessor. He is, therefore, entitled to expect that the lessor will exercise reasonable care to discover and remedy any condition which makes his acceptance of the lessee's license dangerous to him."
The duty of the landlord to a tenant's guest who is injured in an area other than the demised premises is clear. The issues for the fact finder include:
1) whether the area wherein the guest was injured was an area over which control was retained by the lessor;
2) whether the area was one that the lessee (or his guest) was entitled to use as appurtenant to the part leased;
3) whether the guest was lawfully in the area with the consent of the lessee; and
4) did a dangerous condition posing an unreasonable risk exist in the area, one which could have been discovered and made safe in the exercise of reasonable care by the landlord?
Restatement (Second) of Torts, § 360 (1965), Comment E, further provides:
 ". . . the lessor is subject to liability to such persons only as the lessee, under the expressed or implied conditions and terms of the lease, is entitled to admit to such part of the land."
This Court has affirmed the trial Court's grant of Defendant's motion for summary judgment in two recent premises liability cases. Sledge v. Carmichael, 366 So.2d 1117 (Ala. 1979); Tice v. Tice, 361 So.2d 1051 (Ala. 1978). In each of these cases the facts were clear and undisputed. In each case, there was no evidence from which reasonable inferences could be drawn by the fact finder on which liability could be predicated.
In contrast, because the evidence in the instant case (consisting solely of Plaintiff's deposition) is not altogether clear, we are constrained to hold that the movant has not met its burden of eliminating every genuine issue of fact; nor can we say the the evidence, as we understand it, presents a purely legal issue for proper disposition by way of summary judgment.
We refrain from detailing the Plaintiff's deposition in view of the impending trial of this cause upon remand. Suffice it to say that much of her testimony relates to referenced physical objects and to a photograph of the accident scene which was introduced in aid of her deposition. Our efforts have proved less than satisfactory in attempting to understand with reasonable certainty the situs of Plaintiff's fall, the physical layout of the route traversed by her immediately before her fall, the lighting conditions at the time and place of her fall, etc.
This observation is not intended to be critical of counsel, for we have been favored with excellent briefs and oral arguments of counsel for each of the parties. The problem, at least in part, lies in our inability to translate, with any reasonable degree of certainty, such references which appear in the record as "indicating," "pointing," "marking of photograph," etc., a problem which is typical of many negligence cases *Page 860 
when reviewed in a summary judgment posture.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES, and BEATTY, JJ., concur.