391 So.2d 111 (1980)
Marguerite G. COGGIN
v.
STARKE BROTHERS REALTY COMPANY, INC., and Bragg Apartments.
79-790.
Supreme Court of Alabama.
December 2, 1980.
Alvin T. Prestwood and Claude P. Rosser, Jr., Montgomery, for appellant.
James H. Anderson of Hill, Hill, Carter, Franco, Cole & Black, Montgomery, for appellee Starke Bros. Realty Co., Inc.
Richard B. Garrett and Dennis R. Bailey of Rushton, Stakely, Johnston & Garrett, Montgomery, for appellee Bragg Apartments, Inc.
JONES, Justice.
Appellant appeals from the trial court's granting of summary judgment for Defendants-Appellees *112 on the issue of a landlord's duty to maintain common areas and passageways of residential premises. We reverse and remand.
Appellant Marguerite G. Coggin is a 68-year-old widow who executed a residential lease for an apartment at 101-A Carey Drive in Montgomery, Alabama, in June of 1978. Upon taking possession of the premises, she noticed that the back steps leading up to her dwelling were "steep and narrow" and lacked a handrail. These steps were a portion of the common area of the rental property used by Ms. Coggin and the other tenants.
A short time thereafter, Ms. Coggin noticed two long iron railings leaning against the exterior walls of her apartment building. Later, in the fall of 1978, she observed a third railing leaning against the southern exterior wall of the building in which her apartment was located. Prior to September of 1978, she primarily used the front steps to her apartment for ingress and egress, using the back steps on occasion for carrying out the garbage to containers located behind her building. After her automobile battery was stolen from her car parked in front of her residence, she began substantial use of the back steps to her apartment. On February 8, 1979, Ms. Coggin slipped and fell down the back steps. As a result of her fall, she sustained a broken arm as well as numerous bruises and abrasions, hospitalizing her from February 8 until February 14, 1979.
While our case law is replete with the standards for review of summary judgments, we now restate certain of these principles in the context of the instant appeal. In order to overcome a motion for summary judgment, a plaintiff must come forward with at least a scintilla of evidence that establishes the negligence of the defendant landowner. Such evidence must exist to show, inter alia, that the defendant had a duty and that an alleged breach thereof was the proximate cause of the injury suffered by the plaintiff. Summary judgment is mandatory, then, if no genuine issue of material fact exists and, as a matter of law, the plaintiff could not prevail if proof of the alleged facts was made. Campbell v. Alabama Power Co., 378 So.2d 718 (Ala. 1978).
Admittedly, the question of the existence vel non of a genuine issue of material fact remains a subjective determination, which initially confronts the trial judge. ARCP 50 and 56, and the comments thereto, stand for the proposition that, if there is a scintilla of evidence supporting the position of the party against whom the motion for summary judgment is made, so that a triable issue is entitled to go to the jury, summary judgment cannot be granted. Consequently, the slightest genuine issue of material fact would render the trial judge's action herein improper. Hancock v. Alabama Home Mortgage Co., 372 So.2d 858 (Ala.1979).
Before applying these summary judgment standards in the instant context, a review of the applicable substantive law is appropriate. Generally, landlords have the same responsibilities to exercise due care with regard to common areas over which they retain control as ordinary owners of land would have. In this regard, tenants are considered to be the invitees of the landlord while utilizing the common areas of the landlord's property. Hancock, supra; Mudd v. Gray, 200 Ala. 92, 75 So. 468 (1917). See Comment, "Liability of an Alabama Landlord for Defects in the Premises," 3 Ala.L.Rev. 335, 349 (1951).
Restatement (Second) of Torts, § 360 (1965), adopted by this Court in Hancock, reads as follows:
"Parts of Land Retained in Lessor's Control Which Lessee is Entitled to Use.
"A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor *113 by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe." (Emphasis added.)
In Chambers v. Buettner, 295 Ala. 8, 321 So.2d 650 (1975), this Court stated that the "rule as established in [Pearce v. Sloss-Sheffield Steel & Iron Co., 211 Ala. 639, 101 So. 585 (1924)] is also embodied in ... § 361...." Restatement (Second) of Torts, § 361 (1965), which we now reaffirm, reads as follows:
"Parts of Land Retained in Lessor's Control but Necessary to Safe Use of Part Leased.
"A possessor of land who leases a part thereof and retains in his control any other part which is necessary to the safe use of the leased part, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care
"(a) could have discovered the condition and risk involved, and

"(b) could have made the condition safe." (Emphasis added.)
Appellees, acknowledging the policy of this Court to the effect that summary judgment is rarely appropriate in a negligence claim, direct our attention to relatively recent invitee cases in which we affirmed summary judgments adverse to the claimants: Sledge v. Carmichael, 366 So.2d 1117 (Ala.1979); and Tice v. Tice, 361 So.2d 1051 (Ala.1978).
The former of these two cases is so clearly distinguishable as to require little discussion. There, the plaintiff Sledge "missed the [porch] steps entirely, causing her to fall approximately two feet and resulting in injury to her leg." No defect in the steps, or the lighting conditions in the vicinity of the steps, was claimed or shown. Thus, no genuine issue of material fact was presented.
Although not as extreme in its contrast, Tice, likewise, is readily distinguishable. There, the yard in which the plaintiff fell was not, of itself, defective, nor was there shown any "instrumentality located on the premises as a result of the defendants' negligence of which the defendants had or should have had notice at the time of the accident."
Appellees lay great stress on the similarity of Tice and the instant case in that the plaintiff in each case was unable to testify as to "what caused you to fall." The mere similarity of plaintiffs' testimony on causation, however, does not mandate identical holdings. Under the circumstances of Tice, lack of evidence of causation went to the very heart of the requisite elements of plaintiff's claim-primarily, the breach of any duty owed to her. In the instant case, on the other hand, the Plaintiff's testimony that she did not know what caused her to fall relates more narrowly to the precise mechanics of her accident. When the evidence is viewed most favorably to the Plaintiff, it is clear that she fell while descending a steep stairway with narrow steps and without a handrail. All of the elements of her claim could reasonably be inferred by the factfinder from the totality of the circumstances as shown by the evidence.
We hold, therefore, that the evidence, including evidence bearing on the defense of "open and obvious danger," viewed in light of the applicable substantive law, presents genuine issues of material fact which Plaintiff is entitled to have submitted, pursuant to appropriate instructions, for a jury's determination.
Thus, the trial court erred in granting Defendants' motion for summary judgment.
REVERSED AND REMANDED.
SHORES and BEATTY, JJ., concur.
TORBERT, C. J., concurs in the result.
MADDOX, J., concurs specially.
MADDOX, Justice (concurring specially).
Deciding these summary judgment cases involving negligence claims, in which the *114 scintilla rule must be applied, and in which summary judgment is rarely appropriate, is like steering the ship of justice on a course between the rocky shore of Scylla and the whirlpool of Charybdis. The law says that a plaintiff should be able to state what actually caused the injury. Folmar v. Montgomery Fair Company, Inc., 293 Ala. 686, 309 So.2d 818 (1975), (Maddox, J., dissenting). On the other hand, a plaintiff who shows a condition which a jury could find was unsafe, and who further shows the relationship of the parties and other evidence from which a jury could find a lack of due care, and that the alleged injury was proximately caused thereby, is entitled to have a jury, which has been properly instructed on the law by the court, decide the issues in the case. Winn-Dixie v. Godwin, Ala., 349 So.2d 37 (1977).