This is a medical malpractice action. Plaintiff sued The Mobile Infirmary and Dr. Jeff Lousteau, and alleged alternatively that defendants either negligently (first cause of action), or recklessly (second cause of action), allowed a respirator tube to be pulled from the throat of plaintiff's decedent, which plaintiff alleged caused decedent's post-operative distress and ultimately led to her death some fifteen days later. Defendants filed a motion for summary judgment, which was granted by Judge Braxton Kittrell in the Circuit Court of Mobile County. After a careful review of the record, including affidavits and depositions, we reverse.
Plaintiff Winnie Allen is the executrix of the estate of her mother, Anna Knight, the decedent. Mrs. Knight underwent surgery on April 27, 1979, at The Mobile Infirmary to alleviate vessel blockage following the insertion of a permanent pacemaker. The anesthetic was administered by defendant Dr. Lousteau. As already stated, the plaintiff claimed that Dr. Lousteau and The Mobile Infirmary were negligent and reckless in the post-operative care of her mother, in that the decedent pulled the respiratory equipment from her throat and nose, thereby causing respiratory difficulty, which ultimately resulted in her death. Defendants Lousteau and The Mobile Infirmary deny that any action taken by them was malpractice. They filed affidavits from the nursing staff and doctors at The Mobile Infirmary to support their contention that no genuine issue of fact was presented.
Summary judgments are rarely appropriate in negligence cases. For summary judgment to be appropriate, the defendants must make a strong showing from the facts that the plaintiff could not prevail under any set of discernible circumstances. Folmarv. Montgomery Fair, 293 Ala. 686, 309 So.2d 818 (1975), Raleyv. Royal Insurance Co. Ltd., 386 So.2d 742 (Ala. 1980). When there is a scintilla of evidence supporting the position of the party against whom summary judgment is sought, the motion should be denied. Coggin v. Starke Brothers Co., Inc.,391 So.2d 111 (Ala. 1980). Plaintiff presented at least a scintilla of evidence by filing an affidavit of Dr. Linda E. Norton, a licensed physician with a specialty in forensic pathology. Dr. Norton stated:
 "It is my opinion that between 11:10 a.m. and 11:30 a.m. on April 27, 1979, the decedent developed post-operative respiratory distress leading to hypoxia, hypotension, left cerebral infarction, and ultimately to death.
 "It is my further medical opinion that immediate endotracheal intubation may well have prevented this death."
Aptly stated, the rule in Alabama regarding the propriety of summary judgment is:
 "[A] plaintiff who shows a condition which a jury could find was unsafe, and who further shows the relationship of the *Page 1053 
parties and other evidence from which a jury could find a lack of due care, and that the alleged injury was proximately caused thereby, is entitled to have a jury, which has been properly instructed on the law by the court, decide the issues in the case. Winn-Dixie v. Godwin, Ala., 349 So.2d 37 (1977)."
Coggin v. Starke Brothers Co., Inc., 391 So.2d 111 (Ala. 1980).
The judgment of the trial court is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
 ON REHEARING