This is an appeal from a summary judgment awarded to defendants in a personal injury action. We affirm the trial court's judgment.
The material facts of the case are undisputed. Dennis Prosser and Glen Hogland of Gas Vaporizers, Inc. (incorporated in Ohio), entered into a contract with Jim Myers and James Gressinger of Gulf States Fuel Engineering, Inc. (Gulf States). According to the contract, Prosser and Hogland would develop a fuel-saving device for automobiles — called a "swirlplate" — and Gulf States would fund its development and receive manufacturing and marketing rights in the product. As part of the agreement, Gulf States set up a shop in Dothan, Alabama, for Prosser and Hogland to experiment with the device. Gulf States provided Prosser and Hogland with advance royalties of $1,000 per week. Myers also hired two mechanics, Michael Van Pelt and Terry Davis, to assist Prosser, and their job was to tune the test cars to ensure the accuracy of measurements and to adapt the swirlplate to the cars' fuel systems. Gulf States placed Van Pelt and Davis on its payroll and withheld contributions for workmen's compensation and Social Security from their paychecks. Van Pelt and Davis, however, worked under the daily direction of Prosser.
At the time of the accident in which Prosser was injured, Prosser and Van Pelt noticed Eddie Glass experiencing truck engine problems near their shop. Glass, the sole proprietor of a neighboring business known as Ray Glass Batteries, had assisted Prosser previously by using his forklift to move some heavy equipment. Prosser had also installed a swirlplate in another of Glass's trucks. Prosser volunteered to examine the malfunctioning truck, and the truck was driven to Prosser's shop. Van Pelt found and replaced a blown gasket. He then started the engine, to ensure that the carburetor was functioning properly. According to Van Pelt, shifting the transmission into neutral was difficult, and the only way to determine if it indeed was in *Page 367 
neutral was to let out the clutch. However, there was no evidence that Glass had any knowledge of any alleged defect or dangerous condition connected with the truck. There is conflicting evidence on whether the clutch and brake pedals were missing their rubber pads, leaving the steel surfaces exposed.
Prosser stood in front of the truck, spraying cleaner onto the carburetor, while Van Pelt raced the engine to prevent it from choking. Van Pelt thought that he had the truck in neutral, but kept the clutch pedal depressed anyway. However, his foot slipped off the clutch pedal, and the truck raced forward, crushing Prosser against a wall fifteen to twenty feet away. Myers subsequently fired Van Pelt from the aborted project.
Prosser filed his personal injury suit in the Circuit Court of Jefferson County, naming Gulf States, Eddie Glass, and Dallas Fuel Laboratories, Inc. (Dallas Fuel),[1] as defendants. Prosser's claim against Gulf States and Dallas Fuel was that their employee, Van Pelt, negligently and/or wantonly operated the truck, injuring Prosser. His claim against Glass was that Glass's truck was in a defective condition when it left Glass's possession and that Glass failed to warn Prosser of the dangers associated with the truck. After discovery by deposition was completed, the defendants moved for summary judgment. The trial court heard arguments and granted their motions. Prosser then appealed to this Court.
On appeal, Prosser questions whether the trial court properly granted summary judgment on the following issues:
 (1) Whether Van Pelt was an employee of Gulf States at the time of the accident;
 (2) Whether Van Pelt, if so employed, was acting in the line and scope of employment; and
 (3) Whether Glass was negligent in failing to keep his truck in a safe operating condition and in failing to warn of the hazards associated with his truck.
The second and third issues are dispositive in favor of the appellees. Before addressing these issues, we briefly review the correct standards for granting summary judgment.
According to Rule 56 (c), A.R.Civ.P., summary judgment will be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In Coggin v. Starke Brothers Realty Co., 391 So.2d 111
(Ala. 1980), the Court stated:
 "ARCP 50 [expressly retaining the scintilla rule] and 56, and the comments thereto, stand for the proposition that, if there is a scintilla of evidence supporting the position of the party against whom the motion for summary judgment is made, so that a triable issue is entitled to go to the jury, summary judgment cannot be granted. Consequently, the slightest genuine issue of material fact would render the trial judge's action herein improper. Hancock v. Alabama Home Mortgage Co., 372 So.2d 858 (Ala. 1979)."
391 So.2d at 112 (emphasis in original). Summary judgment is rarely appropriate in a negligence claim. 391 So.2d at 113.
Before we apply these summary judgment standards, it is appropriate to review the applicable substantive law. In AVCOCorp. v. Richardson, 285 Ala. 538, 234 So.2d 556 (1970), this Court stated the rule for imposing liability on the master for the servant's acts:
 "Responsibility of the master for acts of the servant does not arise simply from the circumstance that at the time of the injury the person inflicting it was in the employment of another. The act inflicting the injury must have been done in pursuance of authority either express or implied. It must be an act which is fairly incident to the employment, in other words, an act which the master has set in motion. The facts of each particular case must determine the question. Alabama *Page 368 Fuel Iron Co. v. Powaski, 232 Ala. 66, 67, 166 So. 782.
 "The general rule of responsibility is that, if the act resulting in the injury complained of was within the scope of the servant's employment, the master will be liable therefor, although the act was in violation of the master's instructions as to the method of performing the work, or contrary to instructions, or expressly forbidden by him. St. Louis-San Francisco Ry. Co. v. Robbins, 219 Ala. 627, 629, 123 So. 12, ¶ [4]."
285 Ala. at 541, 234 So.2d at 559. Where the servant abandons his or her master's business, but the deviation is slight and not unusual, the court may, as a matter of law, determine that the servant was still executing the master's business.285 Ala. at 542, 234 So.2d at 559-60. However, where the deviation is very marked and unusual, the court may determine that the servant was outside the scope of employment. 285 Ala. at 542,234 So.2d at 560. Cases between the two extremes involve a question of fact left to the trier of fact. Id.
Applying these principles to the facts of the present case, we do not find a scintilla of evidence supporting the position that Van Pelt, assuming he was an employee of Gulf States and/or Dallas Fuel, was acting within the scope of his employment at the time of the accident. Van Pelt was employed as a mechanic to assist in the experimentation and development of the swirlplate. To perform this function, his duties consisted primarily of tuning the test cars and adapting the device to the cars' fuel systems. However, his repair of Glass's truck, which did not have a swirlplate, would not reasonably further the purpose of developing the fuel-saving device, which was the business at hand. Therefore, Van Pelt's deviation from the scope of his master's business was marked and unusual, and thus outside the scope of employment. The summary judgment for Gulf States and Dallas Fuel is affirmed.
The issue in regard to Glass is whether he was negligent in failing to keep his truck in a safe operating condition and in failing to warn of any hazards associated with his truck. The operator of a motor vehicle on public highways has the duty to see that the automobile is in reasonably good condition so as not to present a source of danger to others. To fulfill such a duty, the operator must exercise reasonable care in inspection and operation. Al DeMent Chevrolet Co. v. Wilson, 252 Ala. 662,42 So.2d 585 (1949); Employer's Casualty Co. v. BaxterFertilizer Co., 338 So.2d 418 (Ala.Civ.App. 1976). In regard to the duty to warn, this Court first recognized in Cloud v. Moon,290 Ala. 33, 273 So.2d 196 (1973), the rule that the owner of an automobile owes a duty to the person making repairs to disclose any defect in the mechanism of which the owner has knowledge and which may render it unsafe or dangerous.290 Ala. at 39, 273 So.2d at 201. This Court, however, further stated that the owner does not owe the duty to employ the skill of an expert mechanic to make an examination to discover defects before delivering the automobile for repairs. Id. This is the rule in many jurisdictions; see cases cited at 14 Blashfield,Automobile Law and Practice § 476.41, at 460, nn. 2 and 3 (3d ed. 1969), and 1985 pocket part.
Applying these principles to the facts, we do not find a scintilla of evidence showing that Glass was negligent in either maintaining an unsafe vehicle or in not warning of alleged dangers associated with the truck. There was no evidence that Glass failed to exercise reasonable care in inspection and operation of his truck. In regard to the duty to warn, Glass would be negligent only if he failed to disclose a defect of which he had knowledge and which rendered the truck unsafe, but there was no evidence that Glass was aware of any hazard connected with his truck. Therefore, the summary judgment for Glass is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and ADAMS, JJ., concur.
[1] It is unclear from the record and briefs exactly what role Dallas Fuel played in this incident. *Page 369