507 So.2d 433 (1987)
Karen VICK
v.
H.S.I. MANAGEMENT, INC., et al.
85-851.
Supreme Court of Alabama.
February 27, 1987.
As Modified on Denial of Rehearing May 1, 1987.
Thomas W. Bowron II of Johnson, Cory & McNamee, Birmingham, for appellant.
Robert D. Norman and Robert D. Norman, Jr., Norman, Fitzpatrick, Wood, Wright & Williams, Birmingham, for appellees H.S.I. Management, Inc., and Haversham Townhouse, Ltd.
James A. Bradford of Balch & Bingham, Birmingham, for appellee Alabama Power Co.
SHORES, Justice.
Plaintiff Karen Vick appeals from a summary judgment in favor of defendants, H.S.I. Management, Haversham Townhouse Limited, and Alabama Power Company. We reverse and remand.
The pleadings, depositions, and exhibits before the trial court reveal the following. On July 2, 1984, Vick was a tenant of Haversham Townhouse. This apartment complex was owned by Haversham Townhouse Limited and managed by H.S.I. Management, Inc. These two defendants will be referred to as "Haversham." Alabama Power Company (hereinafter "APCo") was under contract with Haversham to provide outdoor lighting on the apartment complex property. Vick testified that three sources of light existed on the premises: a dusk-to-dawn light maintained by Alabama Power Company, floodlights, and porch lights for the individual residents.
On July 2, 1984, Vick had been cooking out with some of her friends. At approximately nine o'clock that night, Vick and her friend, Nina Crowe, decided to go to Crowe's apartment to get some coffee. In order to do so, they walked on a cement walkway adjacent to the apartment entrances. Vick testified that it was "pitch black" outside. She also stated that she was aware of some steps on the pathway because she had been on it approximately 20 times before her accident. However, because she could not see, she fell when she reached the steps. She testified that she reached for a railing to break her fall, but that there was no railing there. Vick testified that, as a result of the fall, she was rendered unconscious and was taken *434 by ambulance to a hospital, where she remained for several days.
Vick stated that she was not sure if there had been a railing on the steps at any time prior to her accident. The defendant's exhibit # 1 to the deposition of Vick depicts the stairway in question. In this photograph, there are two poles standing upright next to the stairs, but no handrail is attached. Nina Crowe testified that at one point there had been a handrail on the steps, but that "[i]t was loose and it fell or somebody knocked it off."
Defendants' exhibits show that next to the walkway, near the steps upon which Vick fell, was the dusk-to-dawn light which APCo was under contract with Haversham to maintain. Vick testified that on the night of her accident the light was off. She testified that the light had been out of order for approximately six weeks prior to her accident, and that twice she had reported it to Nancy Gillam, the manager of the apartments. Vick testified that Gillam stated that she was aware of the problem, and that she had notified APCo.
Vick also testified that her porch light, which was not far from the steps on which she fell, had never worked while she was a resident at Haversham. Furthermore, she said, her complaints to the management did not result in the light being repaired. Vick also testified that the floodlights located on the building had never worked while she lived at the apartments.
Vick filed suit on December 27, 1984, alleging that the defendants were responsible for the proper repair, maintenance, upkeep, and safe condition of the common areas of the apartment premises and the lighting thereon, and that the defendants negligently failed or refused to perform their duties, thereby causing her injuries. Furthermore, she alleged that the defendants breached their contractual obligation to maintain the premises in a safe and adequately lighted condition.
The trial court, in its order granting summary judgment to all of the defendants, held that the defendants "had no duty to warn the plaintiff of open and obvious defects of which the plaintiff [was] aware:"
"Not only is darkness a plain condition which is open and obvious, the plaintiff here acknowledges she was aware of the total lack of vision. Further, she was aware of the nature of the facility and the stairs lurking therein. Here the evidence and the inferences therefrom are clear. The plaintiff was aware of the danger and was injured due to that danger...."
Although the "open and obvious" doctrine is applicable to both theories, we note that Vick is not contending that the defendants had a duty to warn her about the lighting and stairs in question, but, rather, is asserting that the defendants negligently maintained the premises.
In order to overcome a motion for summary judgment, a plaintiff must come forward with at least a scintilla of evidence that establishes the negligence of the defendants. Such evidence must exist to show, inter alia, that the defendant had a duty and that an alleged breach thereof was the proximate cause of the injury suffered by the plaintiff. Coggin v. Starke Brothers Realty Co., 391 So.2d 111 (Ala. 1980). Summary judgment is appropriate, then, only where there is a complete absence of any genuine issue of fact material to the plaintiff's allegation. Armstrong v. Life Insurance Co. of Virginia, 454 So.2d 1377 (Ala.1984).
Furthermore, a summary judgment is rarely appropriate in a negligence action. Allen v. Mobile Infirmary, 413 So.2d 1051 (Ala.1982); Folmar v. Montgomery Fair Co., 293 Ala. 686, 309 So.2d 818 (1975).
Before we apply these summary judgment standards in the present case, a review of the applicable substantive law is appropriate. With regard to Haversham, this Court has held that a landlord ordinarily is under a duty to maintain, in a reasonably safe condition for the use of the tenants, common areas over which he retains control. Bates v. Peoples Savings Life Insurance Co., 475 So.2d 484 (Ala.1985); Baker v. Wheeler, Lacey & Brown, Inc., 272 Ala. 101, 128 So.2d 721 (1961); 52 C.J.S. Landlord & Tenant § 417(7) (1968).
*435 Restatement (Second) of Torts, § 360 (1965), adopted by this Court in Hancock v. Alabama Home Mortgage Co., 372 So.2d 858 (Ala.1979), and reaffirmed in Coggin, reads as follows:
"Parts of Land Retained in Lessor's Control Which Lessee is Entitled to Use.
"A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risks involved therein and could have made the condition safe."
Coggin, 391 So.2d at 112-13.
Vick presented evidence that while upon the common areas of the apartment complex, she slipped and fell at night on some stairs located in an area of the complex that had insufficient lighting. There was evidence that the apartment manager had received complaints about the inadequate lighting. Furthermore, there was evidence that at the time of her fall, the handrail on the stairs had been broken and had never been repaired or replaced. We hold that there is evidence indicating that Haversham had not met its duty to maintain common areas in a reasonably safe condition.
We do not agree with the trial court that the present case is distinguishable from Coggin v. Starke Brothers Realty Co., supra. In Coggin, the plaintiff tenant fell down some steps which were a part of the common area. Prior to her fall, the plaintiff was aware that the steps were "steep and narrow" and lacked a handrail. In Coggin, we reversed the defendant landlord's summary judgment. We held in that case, as we now hold in the present case:
"[T]he evidence, including evidence bearing on the defense of `open and obvious danger,' viewed in light of the applicable substantive law, presents genuine issues of material fact which Plaintiff is entitled to have submitted, pursuant to appropriate instructions, for a jury's determination."
Coggin, 391 So.2d at 113.
We also hold that it was error to grant summary judgment in favor of APCo. It is undisputed that prior to July 2, 1984, the date of Vick's accident, APCo had contracted with Haversham to install and maintain outdoor lights on the premises of Haversham apartments. Obviously, the contract was for the benefit of the tenants at Haversham apartments.
In Harris v. Board of Water & Sewer Commissioners of Mobile, 294 Ala. 606, 320 So.2d 624 (1975), the plaintiff was an owner of a restaurant and motel which were destroyed by fire. When the firemen arrived on the scene, they found that the fire hydrants were dry. As a result, the motel and restaurant were totally destroyed. The Board of Water and Sewer Commissioners of Mobile had a contract with the City of Mobile to provide the water and sewer system responsibilities for Mobile County. As part of its contractual obligation to the City, the Board was to provide fire hydrants and to maintain an adequate supply of water for the proper functioning of those hydrants.
In Harris, the trial court granted the Board's motion to dismiss Harris's complaint alleging breach of contract and negligent maintenance. This Court reversed the order of dismissal entered by the trial court. With regard to the negligent maintenance claim alleged by Harris, we cited MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050 (1916), which set forth the following well-recognized principle of tort law:
"[W]here one party to a contract assumes a duty to another party to that contract, and it is foreseeable that injury to a third partynot a party to the contractmay occur upon a breach of that duty, the promissor owes that duty to all those within the foreseeable area of risk."
Id., 294 Ala. at 613, 320 So.2d at 630.
Like those in Harris, the facts of the present case fall within that rule. APCo *436 contracted with Haversham to provide outdoor lighting. It is foreseeable that without the outdoor lights, a third party, such as Vick, could be injured while attempting to use the common grounds on the premises. See also, Havard v. Palmer & Baker Engineers, Inc., 293 Ala. 301, 302 So.2d 228 (1974), where this Court recognized an action against an engineering corporation for the wrongful death of a motorist in a tunnel where it was alleged that the corporation negligently performed an investigation of the tunnel pursuant to a contract with the City of Mobile.
In Williams v. Jackson Co., 359 So.2d 798 (Ala.Civ.App.), cert. denied, 359 So.2d 801 (Ala.1978), the Court of Civil Appeals held:
"[O]ne who undertakes to perform a contract may be determined to owe a duty to others not privy to the contract to perform his obligations under the contract without negligent injury to such others. Such duty may arise from the foreseeability that such others may be injured by negligent performance, or duty may arise from the knowledge that others are relying upon a proper performance. Rozny v. Marnul, 43 Ill.2d 54, 250 N.E.2d 656, 35 A.L.R.3d 487 (1969); Glanzer v. Shepard, 233 N.Y. 236, 135 N.E. 275 (1922)."
Williams, 359 So.2d at 801.
Applying the above principles of law, we hold that it was error to grant APCo summary judgment. Vick presented evidence supporting her negligence claims against APCo and Haversham. We hold that the evidence, including evidence bearing on the defense of "open and obvious danger," viewed in light of the applicable substantive law, presents genuine issues of material fact which Vick is entitled to have submitted, pursuant to appropriate instructions, for a jury's determination. Coggin, supra. We, therefore, reverse the judgment and remand this case for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ALMON and ADAMS, JJ., concur.

ON APPLICATION FOR REHEARING
SHORES, Justice.
Application overruled. Opinion modified.
TORBERT, C.J., and JONES, ALMON and ADAMS, JJ., concur.