MADDOX, Justice.
The issue presented in this case is whether the owner of an apartment complex is liable for an assault committed by its resident manager on one of the tenants in the absence of any showing that the manager was acting within the line and scope of his employment or that the manager had a propensity toward assault and that the owner knew about that propensity.
FACTS
Plaintiff Tunya Sakas was attacked by James Dingier, who was the resident manager of the apartment complex where Sa-kas lived. That apartment complex was owned by Royal Arms Apartments, Ltd. d/b/a Capital Concepts Corporation. The basic facts alleged in the complaint are that Dingier broke into Sakas’s room while Sa-kas was sleeping, removed some of her clothing, and struck her in the head and hand with a hammer. Prior to this incident, Dingier had asked Sakas out on a date several times, and Sakas had rejected him each time. Sakas sued Dingier, alleging an assault, and she sued Royal Arms and Capital Concepts, alleging that they had negligently hired Dingier. Royal Arms and Capital Concepts moved for summary judgment; the trial court entered summary judgment for those two defendants and made that judgment final by entering an order pursuant to Rule 54(b), A.R.Civ.P. Sakas’s suit is still pending against Dingier.
The only issue is whether summary judgment was proper. Sakas contends that she presented at least a scintilla of evidence [1] that Dingier was acting within the line and scope of his employment and that Royal Arms and Capital Concepts had notice that *238 Dingier would or might be involved in an incident such as this one.
I
Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c); Pittman v. Gattis, 534 So.2d 293 (Ala.1988).
For an employer to be held liable for the intentional torts of its agent, the plaintiff must offer evidence that the agent’s wrongful acts were in the line and scope of his employment, or that the acts were in furtherance of the business of the employer, or that the employer participated in, authorized, or ratified the wrongful acts. Joyner v. AAA Cooper Transportation, 477 So.2d 364, 365 (Ala.1985).
II
Sakas does not argue that Dingler’s acts were in furtherance of the business of Royal Arms and Capital Concepts or that these two defendants participated in, authorized, or ratified Dingler’s acts. Sakas contends that the fact that Dingier used a hammer to assault her showed that he was acting in the. line and scope of his employment because the evidence showed that he was authorized to do light maintenance. This is the only fact that Sakas points to as showing that Dingier was acting within the line and scope of his employment. We cannot agree that this one fact, standing alone, provides even a “gleam,” “glimmer,” or “spark” — i.e., a scintilla — of evidence that Dingier was acting within the line and scope of his employment. Clearly, Din-gler’s use of the hammer in the manner in which he used it would have been outside the scope of his employment. As this Court stated in Prosser v. Glass, 481 So.2d 365, 368 (Ala.1985):
“Where the servant abandons his or her master’s business, but the deviation is slight and not unusual, the court may, as a matter of law, determine that the servant was still executing the master’s business. [Citation omitted.] However, where the deviation is very marked and unusual, the court may determine that the servant was outside the scope of employment.”
Sakas presented no evidence that Dingier was at her apartment to perform maintenance or to do anything concerning the business of Royal Arms and Capital Concepts; breaking into a woman’s apartment, removing that woman’s clothes, and then beating her with a hammer cannot be considered as executing the business of an apartment complex owner, and such conduct is certainly a marked and unusual deviation from that business.
The record is also devoid of any evidence that Royal Arms and Capital Concepts knew of any propensity of violence on Din-gler’s part or that Dingier had ever committed a similar act prior to this incident.
For the above stated reasons, the judgment of the trial court is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.

. Because this lawsuit was pending on June 11, 1987, the "scintilla rule” applies. See Ala.Code 1975, § 12-21-12.