George Nayman, a tenant of Evergreen apartments, filed this negligence action against his landlord, Richard Tracey, d/b/a Evergreen Apartments ("Evergreen"). According to Nayman, Evergreen negligently allowed a dangerous and defective condition to exist in the apartment complex's common areas and negligently failed to provide adequate lighting. Nayman claims that his encounter with the allegedly dangerous and defective condition proximately caused him to suffer personal injury. Relying on Owens v. National Sec. of Alabama, Inc.,454 So.2d 1387 (Ala. 1984), Evergreen moved for a summary judgment, *Page 605 
which the trial court entered. Nayman appeals.
A summary judgment is appropriate where the moving party "show[s] that there is no genuine issue as to any material factand that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Ala.R.Civ.P. (emphasis added). In determining whether the moving party has satisfied its burden, the trial court must view all of the evidence in the light most favorable to the nonmoving party. All reasonable doubts are to be resolved in favor of the nonmoving party. Kenai Oil Gas,Inc. v. Grace Petroleum Corp., 512 So.2d 1347 (Ala. 1987). In reviewing a summary judgment, this Court applies the same standard the trial court applies when it rules on the motion for summary judgment. Wright v. Robinson, 468 So.2d 94 (Ala. 1985).
Applying these standards, we find that the record indicates the following pertinent facts:
George Nayman was a tenant of Evergreen apartments, which are owned by Richard Tracey, who is responsible for the maintenance of the Evergreen apartments complex. On the evening of August 3, 1990, Nayman was on the premises of Evergreen apartments. He noticed several unidentified persons looking into the windows of several of the other apartment units. Because some of the apartment units had been burglarized, Nayman decided to watch and follow the unidentified persons. While following the unidentified persons, Nayman crossed one of the yards of the apartment complex. The yard was covered with tall grass and was not within the normal areas of egress and ingress. The area was not lighted. In the darkness, Nayman stepped into a hole that contained a steel valve that controlled the water supply to the apartment complex. The misstep caused injury to Nayman's left foot.
Evergreen argued to the trial court that it was entitled to a summary judgment under Owens v. National Sec. of Alabama,Inc., 454 So.2d 1387 (Ala. 1984), contending that that case held that darkness was an open and obvious danger and that a person proceeding through a dark and unfamiliar area assumes the risk of hidden dangers and defects.
In Owens, this Court held that the owner of the premises did not have a duty to warn Owens that dark and unfamiliar areas might conceal defects or dangers. In affirming the summary judgment for the owner of the premises, this Court noted that Owens did not contend that the owner was responsible for the defect or danger that the darkness concealed. See also, Bernessv. Regency Square Associates, 514 So.2d 1346 (Ala. 1987) (limiting the decision in Owens to whether the owner of the premises had a duty to warn that the area was dark).
In considering whether Owens applies to the present case, this Court notes that the parties in Owens were not related as landlord and tenant and that Nayman contends that the area where he was injured was a "common" area over which Evergreen retained control. Nayman contends that Evergreen negligently failed to adequately light this common area and negligently allowed a defect or danger to exist in this common area.
In Hancock v. Alabama Home Mortgage Co., 372 So.2d 858 (Ala. 1979), this Court, reviewing a personal injury action filed by a tenant's social guest against the tenant's landlord, stated:
 "Restatement (Second) of Torts, § 360 (1965), states:
 " 'A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risks involved therein and could have made the condition safe.' *Page 606 
 "This has long been the rule in this State. In Mudd v. Gray, 200 Ala. 92, 93, 75 So. 468, 469
(1917), it was held:
 " '. . . the plaintiff was injured on a stairway jointly owned and controlled by the defendants, and reserved by them for the use in common of the different tenants. Where such is the case, the authorities seem to be very generally agreed that it is the duty of the landlord to use reasonable care to keep in good repair and safe condition such reserved portion of the premises; and if he negligently fails to do so, and the third person on the premises on the express or implied invitation of the lessee, is injured on account of such defective or unsafe condition, while exercising due care, the lessor is responsible therefor.
 "Furthermore, Restatement (Second) of Torts, § 360 (1965), Comment F, provides: " '. . . If the terms of the lease entitled the lessee to permit third persons to come upon the part of the land retained within the lessor's control, it is immaterial whether they came as invitees of the lessee or as his licensees. It is the lessor's business, as such, to afford his lessee facilities for receiving all persons whom he chooses to admit for any legitimate purpose. Therefore, a person who, as between himself and the lessee, is a licensee enters the land on a matter directly connected with the business of the lessor. He is, therefore, entitled to expect that the lessor will exercise reasonable care to discover and remedy any condition which makes his acceptance of the lessee's license dangerous to him."
 "The duty of the landlord to a tenant's guest who is injured in an area other than the demised premises is clear. The issues for the fact finder include:
 "1) whether the area wherein the guest was injured was an area over which control was retained by the lessor;
 "2) whether the area was one that the lessee (or his guest) was entitled to use as appurtenant to the part leased;
 "3) whether the guest was lawfully in the area with the consent of the lessee; and
 "4) did a dangerous condition posing an unreasonable risk exist in the area, one which could have been discovered and made safe in the exercise of reasonable care by the landlord?"
The Hancock court reversed the trial court's summary judgment for the defendant and remanded the case because genuine issues of material fact existed.
In Coggin v. Starke Bros. Realty Co., 391 So.2d 111 (Ala. 1980), this Court stated:
 "In Chambers v. Buettner, 295 Ala. 8, 321 So.2d 650 (1975), this Court stated that the 'rule as established in [Pearce v. Sloss-Sheffield Steel Iron Co., 211 Ala. 639, 101 So. 585 (1924),] is also embodied in . . . § 361. . . .' Restatement (Second) of Torts, § 361 (1965), which we now reaffirm, reads as follows:
 " 'Parts of Land Retained in Lessor's Control but Necessary to Safe Use of Part Leased.
 " 'A possessor of land who leases a part thereof and retains in his control any other part which is necessary to the safe use of the leased part, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care
 " '(a) could have discovered the condition and risk involved, and
" '(b) could have made the condition safe.'
"(Emphasis added.)"
391 So.2d at 113. The Coggin court reversed the trial court's summary judgment because genuine issues of material fact existed.
Because Owens does not require a finding that a landlord has no duty to maintain common areas of an apartment complex in a reasonably safe condition and because genuine issues of material fact exist, this *Page 607 
Court must reverse the trial court's summary judgment in favor of Evergreen and remand the case for further proceedings.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.