Plaintiff brought suit against multiple defendants claiming right of recovery separately upon different causes of action. Motions to dismiss for failure to state a claim upon which relief can be granted were granted as to defendants Jackson Company and Pest-Ex Exterminating Company. Leave to amend was not accepted and entry of final judgments for purpose of appeal was entered in accordance with Rule 54 (b) ARCP. The appeals are consolidated here. We will first discuss the judgment in favor of Jackson Company.
The claim against Jackson Company stated, in essence, that in August 1976 plaintiffs purchased a house and lot in Dothan, Alabama. Subsequent to the purchase, it was discovered that there were serious defects in the subflooring. Jackson Company prepared the deed in violation of the criminal statute providing a penalty for the unauthorized practice of law. As a result of such act, plaintiffs were not apprised of the legal consequences of their actions and suffered damages.
Plaintiffs concede that the theory of their claim against Jackson Company is that the preparation of the deed constituted the unauthorized practice of law, violated the statute and amounted to negligence per se; that because Jackson Company prepared the deed it undertook the obligation to advise plaintiffs as to all legal aspects of the purchase; that having undertaken such duty, Jackson Company was negligent in not advising plaintiffs that the doctrine of caveat emptor applied to the purchase of the house.
As was made clear in the case of Fraternal Order of Police,Strawberry Lodge # 40 v. Entrekin, 294 Ala. 201, 314 So.2d 663
(1975), a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no state of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99,2 L.Ed.2d 80 (1957). The court said, "Implicit in Conley and our cases is the requirement that the provable set of facts entitling plaintiff to relief must be according to a cognizable theory oflaw."[1] It is because of the presence of complete factual agreement and the absence of a cognizable theory *Page 800 
of law for recovery that we find that the trial court was correct in dismissing plaintiff's claim against Jackson Company.
In every action in tort three elements must be present: (1) a duty of defendant to protect plaintiff from the injury of which he complains; (2) a failure to fulfill that duty; and (3) an injury to the plaintiff proximately caused by the failure of defendant. Havard v. Palmer Baker Eng'rs, Inc., 293 Ala. 301,302 So.2d 228 (1974). Plaintiff contends that when defendant drew the deed for the transfer of title in the purchase of the house and lot, he undertook the practice of law. By such undertaking he assumed the duty of not only properly drawing a legal instrument but also the duty of giving full legal advice to plaintiffs concerning the purchase including informing them that the doctrine of caveat emptor applied. We are unable to accept this contention as a "cognizable theory" for recovery.
There is no contention that Jackson Company represented to plaintiffs that they were skilled or qualified to give legal advice, or assumed any contractual obligation to provide such advice. Even one authorized to practice law owes no duty except that arising from contract or from a gratuitous undertaking. Assuming arguendo that the preparation and furnishing of the deed by Jackson Company constituted the unauthorized practice of law in violation of statute (Section 34-3-6 (b)(2), Code of Alabama (1975)), and was negligence as a matter of law, the duty arising thereby was only to provide a proper and legal deed resulting in transfer of title. Jackson Company could not thereby be said to have assumed the duty of providing full legal advice. No such duty would have fallen upon an attorney who was retained to draw a deed.
We further consider that plaintiff's theory breaks down as to the third element necessary, that of proximate cause. The negligent act charged is drawing of the deed. The injury complained of is the purchase of a defective house. There is no conceivable chain of causation between the breach of a duty to draw a valid deed and the purchase of a house with holes in the floor. The decision to purchase has been made before a deed is drawn. In fact, it is stated in the claim that the contract to purchase was executed before Jackson Company was ever contacted. Even if that were not so, it is not reasonably foreseeable that the preparation of a deed would result in the purchase of a defective house. The test of reasonable foreseeability is not met. Vines v. Plantation Motor Lodge,336 So.2d 1338 (Ala. 1976); Havard v. Palmer Baker Eng'rs, Inc.,supra.
Plaintiffs' claim against Jackson Company has not been disputed on the facts. This appeal has been presented, as was the hearing on the motion to dismiss, upon the issue of whether the facts alleged in the claim presented a cognizable theory for recovery. The trial court dismissed the claim upon the ground of absence of proximate cause. Upon that issue, we affirm.
We consolidate in this opinion a second appeal filed by plaintiffs from a judgment granting a motion to dismiss filed by defendant Pest-Ex Exterminating Company. The two appeals were filed in this court as separate cases, though they arose from the one case below.
The claim of plaintiffs against Pest-Ex alleged that on July 15, 1976, plaintiffs signed a contract with a real estate agent for the purchase of a house; that after signing the contract of purchase they applied for a commitment from the Federal Housing Administration to guarantee a loan for the purchase; a commitment letter was subsequently issued by F.H.A. but was subject to inspection for termites by an approved termite control company and a report thereof on a form furnished by F.H.A.; defendant Pest-Ex did perform the inspection and submitted the report, a copy of which was required by F.H.A. to be furnished the buyer and seller; that Pest-Ex negligently failed to inspect and state in the report that there was damage to the subflooring; (a copy of F.H.A. Form 2053 titled "Wood Infestation Report" signed by the agent of Pest-Ex was attached to the complaint). As a proximate consequence of *Page 801 
the failure to report the presence of damage, plaintiffs suffered injury.
As in the appeal from the dismissal of the claim against Jackson Company, the provable facts are apparently not in dispute. The issue on appeal does not involve the pleading question of whether the claim against Pest-Ex could support a recovery under any provable facts. Rather, the issue is stated to be whether the court was correct in finding that Pest-Ex owed no duty to plaintiffs because they were not a party to the contract for inspection. Plaintiffs in brief stated the issue a second time as whether or not Pest-Ex "under the facts" alleged, owed a duty to plaintiffs.
In dismissing the claim through a finding that Pest-Ex owed no duty to plaintiffs because they were not parties to the contract Pest-Ex made with F.H.A., the court erred. Privity of contract is not a required basis of duty in such cases. It has now been expressly stated by our supreme court that duty may arise from a social relationship as well as from a contractual relationship; that a duty to use care may arise from the reasonable man test of foreseeability of injury. Harris v.Board of Water Sewer Comm'rs of Mobile, 294 Ala. 606,320 So.2d 624 (1975); Havard v. Palmer Baker Eng'rs, Inc., supra.
Thus one who undertakes to perform a contract may be determined to owe a duty to others not privy to the contract to perform his obligations under the contract without negligent injury to such others. Such duty may arise from the foreseeability that such others may be injured by negligent performance, or duty may arise from the knowledge that others are relying upon a proper performance. Rozny v. Marnul, 43 Ill.2d 54,250 N.E.2d 656, 35 A.L.R.3d 487 (1969); Glanzer v. Shepard, 233 N.Y. 236,135 N.E. 275 (1922). This latter source of duty could surely be shown by evidence in support of the claim against Pest-Ex in this case. We do not intend to indicate any conclusion as to ultimate liability but merely find that the 12 (b) motion to dismiss was improperly granted. The trial court was incorrect in its holding that plaintiffs could not recover from Pest-Ex because there was no privity of contract.
AFFIRMED as to The Jackson Company.
REVERSED AND REMANDED as to Pest-Ex Exterminating Company.
BRADLEY and HOLMES, JJ., concur.
[1] "Our cases" referred to are Watwood v. R.R. Dawson BridgeCo., 293 Ala. 578, 307 So.2d 692 (1975); Bowling v. Pow,293 Ala. 178, 301 So.2d 55 (1974); Smith v. Potts, 293 Ala. 419,304 So.2d 578 (1974).