James Steadman was employed as general manager of Indian Valley Marine, Inc., in Alabaster, Alabama. The business was sold in early 1978 to Jerry McGaha Enterprises, Inc., and the name changed to Jerry McGaha's Boat House. Steadman was retained as general manager at the same salary and with the same benefits he received under the prior ownership. This package included hospitalization insurance. That insurance lapsed in July 1978 because of failure to pay the premium. In November 1978, Steadman was injured in an accident at his home and incurred hospital and other medical expenses as a result of the injury. His insurance would have covered approximately $8,112.53 of these bills had it been in effect.
Steadman sued Indian Valley Marine, Inc., and Jerry McGaha on two counts: (1) breach of the employment agreement to provide hospitalization insurance, and (2) negligent failure to have the policy of insurance reinstated after an undertaking to do so. The case was tried to the court, and the evidence was heavily disputed. The trial court resolved these disputes in favor of Steadman, awarding him $8,112.53 for breach of contract against the corporation and $8,112.53 for negligence against Jerry McGaha as an individual. The defendants moved for directed verdict, or, in the alternative, new trial, contending that the judgment against the corporation was contrary to the evidence and facts, and that the judgment against McGaha was contrary to the law. The motion was denied. Only McGaha appeals.
McGaha contends that the trial court erred as a matter of law in finding that a tort had been committed by the defendant. We disagree and affirm.
The trial court heard the evidence in this case ore tenus.
Thus, the trial court's finding of fact is presumed correct and will only be overturned if it is plainly unsupported by the evidence. Every presumption must be indulged to uphold the judgment. Ford v. Alabama By-Products Corp., 392 So.2d 217
(Ala. 1980); Hibbett Sporting Goods v. Biernbaum,391 So.2d 1027 (Ala. 1980). Appellant attempts to show that the trial court's error lay in a failure to discern the distinction between an action ex contractu and one ex delicto. See, Vinesv. Crescent Transit Co., 264 Ala. 114, 85 So.2d 436 (1955). That distinction is, however, inapposite in this case.
We consider that the trial court had sufficient grounds on which to find tort liability on the part of McGaha irrespective of Steadman's employment agreement. There are two theories that support the trial court's decision.
The trial court could have determined from the evidence that McGaha volunteered to act, though under no duty to do so, and therefore was required to act with due care. Dailey v. City ofBirmingham, 378 So.2d 728 (Ala. 1979); Herston v. Whitesell,374 So.2d 267 (Ala. 1979). His negligent failure to pay the insurance premium was the proximate cause of Steadman's damages. This theory is especially applicable here since Steadman apparently told McGaha that if the insurance was not going to be kept current, then he would get insurance elsewhere. Even then, McGaha assured Steadman that he would pay the premium, and Steadman detrimentally relied on those assurances. We consider the evidence was sufficient for the trial court to find that McGaha personally volunteered to act in regard to payment of the insurance premium.
The trial court also could have found that McGaha's duty to pay the insurance premium arose out of his relationship with McGaha Enterprises, Inc., d/b/a McGaha's Boat House. McGaha's position carried with it the responsibility to pay the bills,i.e., to see that the hospitalization insurance was kept in force. This court in Williams v. The Jackson Co., 359 So.2d 798
(Ala.Civ.App. 1978) recognized that privity of contract is not a required basis of duty in some cases. In that case this court said:
 Thus one who undertakes to perform a contract may be determined to owe a duty to others not privy to the contract to perform his obligation under the contract *Page 422 
without negligent injury to such others. Such duty may arise from the forseeability that such others may be injured by negligent performance, or duty may arise from the knowledge that others are relying upon a proper performance. (Cites omitted.)
359 So.2d at 801. See also Federal Mogul Corp. v. UniversalConstruction Co., 376 So.2d 716, 724 (Ala.Civ.App.), cert.denied, 376 So.2d 726 (Ala. 1979).
Under this theory there was evidence that Steadman relied on McGaha to carry out his responsibilities as president of McGaha Enterprises. That Steadman could suffer damages from the lack of hospitalization insurance was reasonably forseeable by McGaha. The court could find McGaha individually liable for the negligent performance of his duties without finding against McGaha's employer even though McGaha acted at all times within the scope of his employment. "When a person commits a tort, it is wholly immaterial upon the question of his liability, whether he was acting officially or personally." Finnell v.Pitts, 222 Ala. 290, 132 So. 2 (1930). We see no necessity of consideration of whether Steadman had an action for breach of contract against his employer because of McGaha's conduct. That question is not before us. We know it is possible that the same facts may give rise to an action ex delicto and ex contractu.Berry v. Druid City Hospital Board, 333 So.2d 796 (Ala. 1976). Neither is the issue of election of actions before us.
Appellant cites § 25-5-11, Code (1975) to show that co-employees may not sue each other. Even if that portion of §25-5-11 which refers to suit between co-employees was viable [See, Grantham v. Denke, 359 So.2d 785 (Ala. 1978)], it would not apply in this case. That statute applied only in workmen's compensation situations.
We note that the corporation, Indian Valley Marine, against whom judgment was rendered on Count 1, did not appeal. Since that corporation was not Steadman's or McGaha's employer at the time the insurance was cancelled or the injury occurred, we are puzzled by Indian Valley Marine's presence in the case at all. McGaha Enterprises d/b/a McGaha's Boat House owned the business after February 1978, several months before any tort occurred.
This cause is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.