On November 25, 1985, Cecil Shows and his wife Ottis J. Shows executed a real estate mortgage to Freedlander, Inc. The Freedlander mortgage was to secure a promissory note executed by Cecil Shows to Freedlander. Subsequently, the note and mortgage were assigned to NCNB National Bank of North Carolina ("NCNB"). Cecil Shows defaulted on his note; NCNB foreclosed on the mortgage and held a foreclosure sale on March 17, 1988. James P. Raley and Kenneth R. Raley purchased the property at the foreclosure sale.
For all that appears in the Showses' complaint, it seems that they alleged that NCNB had negligently and fraudulently foreclosed on their property and that, after the foreclosure sale the Raleys took possession of their property and destroyed some of the Showses' personal belongings. The trial court entered a judgment on the pleadings for the defendants.
This action was filed in the Russell Circuit Court and was transferred to the Covington Circuit Court. This is the sixth action filed by the Showses concerning the foreclosure sale. In all six actions, Cecil Shows has acted pro se. The Showses admit that they have twice previously filed actions in the Covington Circuit Court, and that they have filed actions in the United States District Court for the Middle District of Alabama, in the United States District Court for the Western District of North Carolina, and in the United States District Court for the Eastern District of Virginia.
NCNB and the Raleys argue, among other things, that the Showses' claims are barred by the doctrine of res judicata. *Page 882 
In order for the doctrine of res judicata to apply, (1) the question or fact must have been litigated and determined by a court of competent jurisdiction; (2) a final judgment must have been rendered on the merits; (3) the parties in the first action, or those in privity with them, must be so related to the parties in the subsequent action as to entitle those in the subsequent action to the benefits — and/or subject them to the burdens — of the prior litigation; and (4) the same cause of action must be involved in both suits. Waters v. Jolly,582 So.2d 1048 (Ala. 1991); Hughes v. Martin, 533 So.2d 188 (Ala. 1988); Stevenson v. International Paper Co., 516 F.2d 103 (5th Cir. 1975).
Having reviewed the record in this case, which includes relevant portions of the record in the action filed in the United States District Court for the Middle District of Alabama and portions of the records in the other previous actions, we find that the elements of res judicata are satisfied. These elements being present, any issue that was, or could have been, adjudicated in the prior actions cannot be litigated in the present action. Waters v. Jolly, supra; Hughes v. Martin, supra; Trimble v. Bramco Products, Inc., 351 So.2d 1357 (Ala. 1977); McGruder v. B L Construction Co., 331 So.2d 257 (Ala. 1976). The issues raised in this action that concerned NCNB and the Raleys were adjudicated in the previous actions. Therefore, we hold that, as to NCNB and the Raleys, the trial court did not err in entering the judgment on the pleadings.
In this action, the Showses also named an attorney, Benton S. Sansom, as a defendant. They alleged that, by drawing up the deed of conveyance between NCNB and the Raleys, Sansom committed legal malpractice.
In order to recover damages for legal malpractice, a plaintiff must prove the same elements that must be proven in a negligence action:
 " 'To recover, the [plaintiff] must prove a duty, a breach of the duty, that the breach was the proximate cause of the injury, and damages.' Herston v. Whitesell, 348 So.2d 1054, 1057 (Ala. 1977). (Citations omitted.) 'A claim for malpractice requires a showing that in the absence of the alleged negligence the outcome of the case would have been different.' Hall v. Thomas, 456 So.2d 67, 68 (Ala. 1984). (Citations omitted.)"
Moseley v. Lewis Brackin, 533 So.2d 513 (Ala. 1988).
Sansom argues that he owed no duty to the Showses. A person authorized to practice law owes no duty except that arising from contract or from a gratuitous undertaking. Williams v.Jackson Co., 359 So.2d 798 (Ala.Civ.App.), cert. denied,359 So.2d 801 (Ala. 1978). In support of his argument, Sansom notes that he filed an affidavit with the trial court in which he stated that at no time did he directly or indirectly represent the Showses. The Showses did not present any evidence to the contrary. Therefore, we hold that the trial court's judgment was also proper as to Sansom.
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and INGRAM, JJ., concur.