HORNSBY, Chief Justice.
This case concerns a mortgagee’s challenge to a debtor’s plan filed under Chapter 13 of the United States Bankruptcy Code. The mortgagee filed its claim in the state circuit court after the federal bankruptcy court had confirmed the debtor’s plan, and the circuit court made an adjudication of the mortgage priorities different from that set out in the plan. We hold, under the facts of this case, that the bankruptcy court’s order confirming the plan was res judicata as to the mortgagee’s claim in circuit court; therefore, we reverse the judgment of the circuit court and remand the cause.
Ruth S. Stephens, Lucy Mae Shoemaker, and Milton Ray Shoemaker appeal from a declaratory judgment and order permanently enjoining them from foreclosing on a mortgage. Stephens and the Shoemakers and the Sweet Water State Bank (“Bank”) both hold a mortgage on 39 acres of land belonging to Guy K. and Elizabeth A. Garza. Stephens and the Shoemakers transferred the land to the Garzas, and the Garzas in return executed a mortgage, on October 24, 1988. Stephens and the Shoemakers recorded this mortgage on November 7, 1988. In the meantime, the Garzas had entered into a purchase money mortgage with the Bank that covered the same *938 39 acres and a mobile home. The Garzas executed the mortgage with the Bank on November 2, 1988, and the Bank recorded it on November 7, 1988. The Bank recorded its mortgage before Stephens and the Shoemakers recorded their mortgage.
The Garzas executed several modifications of the original purchase money mortgage with the Bank. On November 27, 1989, the Garzas executed a correction mortgage, which granted a mortgage to the Bank on two acres separate from the original property, in exchange for a release of the mortgage on two acres subject to the original mortgage. The rest of the acreage remained subject to the original mortgage. The Bank recorded the correction mortgage on February 15, 1990.
On October 10, 1990, the Garzas submitted a bankruptcy plan pursuant to Chapter 13 of the United States Bankruptcy Code, under which they were to surrender the 39 ácres to Stephens, without mention of either of the Shoemakers. The plan also provided for the surrender of a second mortgage to the Bank on the 39 acres. The United States Bankruptcy Court for the Southern District of Alabama confirmed the plan on February 4, 1991.
The order of the bankruptcy court states as follows:
“3. From the amount paid by the debtor, the Standing Trustee shall pay, in order of priority:
[[Image here]]
“(e) The following preference payments to secured creditors:
“NONE
“VOLUNTARY SURRENDER OF 39 ACRES TO RUTH STEPHENS IN FULL SATISFACTION OF INDEBTEDNESS
“VOLUNTARY SURRENDER OF DOUBLE WIDE MOBILE HOME AND 2ND MORTGAGE ON 39 ACRES TO SWEET WATER STATE BANK IN FULL SATISFACTION OF INDEBTEDNESS
“VOLUNTARY SURRENDER OF 1987 CHEVROLET CAVALIER TO GENERAL MOTORS ACCEPTANCE CORP. IN FULL SATISFACTION OF INDEBTEDNESS”
The bankruptcy court found that there were no preference payments to be made. The bankruptcy court also listed priorities with respect to surrender of the property of the debtor: Ruth Stephens had first priority on the land and Sweet Water State Bank was found to have a second mortgage on it. Although the Bank was fully comprised of the nature of the plan and a bank officer, during the bankruptcy proceedings, indicated that the Bank opposed the plan, it made no formal or written opposition to the plan either during the three months that the plan was awaiting confirmation or after the confirmation order was entered.
Stephens subsequently obtained relief from the automatic stay that is applicable during bankruptcy proceedings. Thereafter, she began foreclosure proceedings on the 39 acres. The Bank also obtained relief from the automatic stay from the bankruptcy court. However, the Bank then filed a complaint in the Circuit Court of Marengo County to enjoin Stephens’s attempted foreclosure. On the same day, . that court entered a temporary restraining order enjoining Stephens and the Shoemakers from foreclosing on the 39 acres.
The Bank later amended its complaint to ask for a declaratory judgment to determine the priority of the mortgages and for other appropriate relief. The circuit court found that the bankruptcy court had not determined the priorities between the two mortgagees. The circuit court then determined that the Bank holds a valid first mortgage on the 39 acres except for the 2 acres that had been released in exchange for 2 other acres. The circuit court then permanently enjoined Stephens and the Shoemakers from foreclosing their mortgage, except as to the 2 acres that had been released by the Bank.
First, we disagree with the circuit court’s conclusion that the bankruptcy court made no determination of priority. The plain language of the bankruptcy court’s confirmation order lists the priorities in this case. The creditors were apprised of the plan, and Stephens relied on the plan in begin *939 ning foreclosure. In Chapter 13 cases, the debtor submits the plan. 11 U.S.C. § 1321 (1988). Bankruptcy courts are required to give creditors notice of the proposed plan. 11 U.S.C. § 342(a) (1988). It is undisputed that both secured creditors in this case had notice of the proposed plan, and the Bank was fully aware that the bankruptcy court order gave mortgage priority in the 39 acres to Stephens.
The bankruptcy court must also provide creditors an opportunity to object to confirmation of the proposed plan and notice of the time allowed for objections. 11 U.S.C. § 1324 (1988). Where the bankruptcy court receives no timely objections to the plan, the court will approve and confirm the plan, subject to its conformity with other requirements. 11 U.S.C. § 1325 (1988).
Once a bankruptcy court has confirmed a plan, creditors are generally bound by that plan, whether or not the creditor has consented to the plan. 11 U.S.C. § 1327(a) (1988). In this case, the Bank could have objected to the plan’s surrender of a second mortgage to it, but the Bank made no written objection, as is required. Any objections to the bankruptcy court’s order should have been made in the bankruptcy court or in an appeal to the appropriate federal district court. There is no indication that the procedures prerequisite to the order confirming the plan were deficient. It follows that the bankruptcy court’s order is a determination of priorities.
Because the bankruptcy court’s order confirming the debtor’s plan was a determination of priority among the creditors, it is also res judicata with respect to the Bank’s later claim in circuit court. This Court has stated the doctrine of res judicata as follows:
“The elements of res judicata, or claim preclusion, are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction,. (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits. Hughes v. Allenstein, 514 So.2d 858, 860 (Ala.1987). If those four elements are present, any claim that was or could have been adjudicated in the prior action is barred from further litigation.”
Dairyland Ins. Co. v. Jackson, 566 So.2d 723, 725 (Ala.1990). See also Shows v. NCNB National Bank of North Carolina, 585 So.2d 880 (Ala.1991); Waters v. Jolly, 582 So.2d 1048 (Ala.1991).
Here the bankruptcy court made a determination as to priorities; that determination directly affected the interests of the creditors, and the creditors had ample opportunity to litigate at length. The order confirming the debtor’s plan was a final order on the merits by a court of competent jurisdiction. Republic Supply Co. v. Shoaf, 815 F.2d 1046 (5th Cir.1987). The cause of action, a determination of the priority among the mortgage lenders, was the same as that presented in the circuit court. The parties, the mortgage lenders, are identical. Accordingly, the Bank’s subsequent action in the Marengo County circuit court is barred by the doctrine of res judi-cata. The judgment of the circuit court is therefore reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.