On August 17, 1994, Vallie Peterson Bender executed a will that had been prepared for her by her attorney, W. Mark Anderson III. Anderson was named as executor of the will and was named as a beneficiary of 75 shares of AT T stock. In addition, Michael L. Reeves, M.D., Mrs. Bender's physician, was named as a beneficiary of certain other stock. The will also contains a nocontest clause.
In June 1995, Mrs. Bender died. In August 1995, once they had been made aware of the contents of the will, Robert Earl Peterson and James Peterson (the "Petersons"), residual beneficiaries under the will, filed a will contest. The Petersons alleged that Mrs. Bender had not had testamentary capacity and that certain, unnamed beneficiaries had exerted undue influence over Mrs. Bender. They amended their complaint in August 1996 to include two additional counts, one against Anderson and one against Reeves, alleging that each had violated his fiduciary duty to Mrs. Bender. Both Anderson and Reeves filed a motion to dismiss. The trial court granted Anderson's motion.[1] The Petersons appealed to the Alabama Supreme Court, which transferred the case to this court pursuant to Ala. Code 1975, § 12-2-7(6).
 I. The Finality of the Dismissal Order
When the trial court granted Anderson's motion to dismiss, it purported to make that dismissal order final pursuant to Rule 54(b), Ala. R. Civ. P. The order reads: "The court order is final and is thereby subject to the provisions of Rule 54(b), Ala. R. Civ. P." This court, finding that order insufficient under Rule 54(b), remanded the case, allowing the trial court to "enter an order in compliance with Brown v. WhitakerContracting Corp., 681 So.2d 226 (Ala.Civ.App. 1996)." This court stated in Brown that "a party who seeks immediate review of a judgment which does not adjudicate all of the claims and/or all of the parties must make a showing as to why it is necessary that appellate review of that particular judgment be conducted prior to adjudication of the entire case."Brown, 681 So.2d at 229. The Brown opinion goes on to state:
 "[T]he trial court, in its order, should list the factors which it considered in reaching its decision regarding whether to certify the judgment, pursuant to Rule 54(b), in order that the appellate court is better equipped to review the trial court's action.
 ". . . The trial court should consider all factors, in addition to the fact that multiple parties and/or multiple claims were involved, that there has been a final decision as to one of the claims and/or the rights and responsibilities of one of the parties, and that there is `no just reason for delay.' The trial court should indicate why it considers that there is `no just reason for delay.'"
Id.
The trial court did not comply with the remand order. The order entered by the trial court simply states the legal theories and the case law the court relied upon in granting Anderson's motion to dismiss. Nothing in the trial court's attempted order *Page 218 
of certification indicates "why it is necessary that appellate review of the dismissal of [the claims against Anderson] be conducted prior to adjudication of the entire case." SeeBrown, 681 So.2d at 229. Nor does it indicate that the court has determined that there is "no just reason for delay." See Parrish v. Blazer Financial Services, Inc.,682 So.2d 1383, 1385 (Ala.Civ.App. 1996). The order does not "list the factors the trial court considered in reaching its decision," Brown, 681 So.2d at 229, and it states no reasons for the trial court's determination that Rule 54(b) certification is appropriate.
Despite the trial court's failure to comply with Brown
on remand, this court has concluded that the Rule 54(b) order was appropriate and that we should consider the merits of this case. We are aware that a Rule 54(b) certification should be granted only in an exceptional case. Parrish,682 So.2d at 1385. The claims that remain pending in the trial court are the will contest and the breach-of-fiduciary-relationship claims against Reeves. Although the claim against Reeves is very similar in nature to the claim against Anderson, the claims would require different proof and are not "so closely intertwined that separate adjudications would pose an unreasonable risk of inconsistent results." Branch v.SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374
(Ala. 1987). Therefore, we conclude that the Rule 54(b) certification is proper, and we will address the merits of the Petersons' appeal.
 II. The Merits of the Petersons' Claims Against Anderson
The Petersons argue that their claim against Anderson, which falls under the Legal Service Liability Act, Ala. Code 1975, § 6-5-570 through § 6-5-581, should not have been dismissed. Anderson argues that the Petersons, as nonclients, have no standing to maintain a legal service liability action against him.
The Legal Service Liability Act consolidates all actions against all legal service providers into one action, known as a "legal service liability action." Ala. Code 1975, § 6-5-573. That action is defined as:
 "Any action against a legal service provider in which it is alleged that some injury or damage was caused in whole or in part by the legal service provider's violation of the standard of care applicable to a legal service provider. A legal service liability action embraces all claims for injuries or damages or wrongful death whether in contract or in tort and whether based on an intentional or unintentional act or omission."
Ala. Code 1975, § 6-5-572(1). Therefore, the Petersons' action against Anderson is a legal service liability action.
In support of his contention that the Petersons have no standing to pursue a legal service liability action against him, Anderson cites Shows v. NCNB National Bank of NorthCarolina, 585 So.2d 880 (Ala. 1991). In Shows, the plaintiffs alleged that an attorney had committed malpractice by drawing up a deed of conveyance between the bank and the purchasers who bought the plaintiffs' property at a foreclosure sale. Shows, 585 So.2d at 882. The attorney argued in his motion to dismiss that he owed no duty to the plaintiffs because he did not represent them at any time. Id. The trial court agreed, and it granted his motion to dismiss.Id. The Supreme Court affirmed, stating that "A person authorized to practice law owes no duty except that arising from contract or from a gratuitous undertaking." Id.
The Petersons argue that the statement in Shows can be traced back to an opinion rendered by this court, which gave no citation of authority for the proposition. See Williams v.Jackson Co., 359 So.2d 798 (Ala.Civ.App.), cert.denied, 359 So.2d 801 (Ala. 1978). Therefore, the Petersons argue, the statement is dictum and cannot be considered authoritative. We do not believe that the statement, which has been adopted by the Supreme Court, is merely dictum. The law in Alabama is that "A person authorized to practice law owes no duty except that arising from contract or from a gratuitous undertaking." Shows, 585 So.2d at 882. Accordingly, the Petersons have no standing *Page 219 
to maintain a legal service liability action against Anderson.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
[1] The will contest and the claim against Reeves are still pending in the trial court and are not a part of this appeal.