CRAWLEY, Judge,
dissenting.
I must respectfully dissent. When this court can easily discern the reasons behind the trial court’s entry of a Rule 54(b), Ala. R. Civ. P., certification, it should not dismiss the case for the trial court’s failure to enumerate those factors. See Peterson v. Anderson, 719 So.2d 216 (Ala.1997). The trial court’s statement that “a final decision should be made before there are other proceedings in the case” gives sufficient indication why it has determined that there is no just reason for delay in this case. The trial court has apparently decided that it would promote judicial economy to make a final resolution of the question whether the paternity issue can be reopened before deciding the child support issue. In addition, I note that resolving the paternity issue before resolving the child support issue would in no way pose the risk of inconsistent results. See Branch v. South-Trust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987). In fact, the issue of child support is dependent on the outcome of the paternity litigation.