This is an appeal from a directed verdict in the Circuit Court of Jefferson County for defendant, Alabama Home Mortgage Company, Inc., on a personal injury claim. We affirm.
In June, 1975, plaintiff, Norma Hancock, visited her nephew, David Hancock, at his apartment in the Boraig Apartments owned by defendant Alabama Home Mortgage Company. Between 11:00 and 11:30 P.M. David decided to go swimming and asked his aunt to walk to the pool with him. They left the apartment together but David returned to get a towel; his aunt proceeded on toward the pool. She followed an unconventional route along a railing which led her behind the dumpster, over a ladder, between the railing and a concrete dumpster *Page 970 
platform, up and down over uneven terrain, and ultimately to the end of the railing where, without looking down, she stepped off a curb. She testified that although she didn't recall ever looking down, she thought a driveway, instead of the two foot drop-off, was at the end of the rail. The path that she took was rough and uneven — not a walkway. She and David both testified that the area was not well lit. After her fall, David helped her back to the apartment, gave her a tranquilizer, assisted her in dressing, and then took her to the hospital five blocks away. The hospital records showed 1:20 A.M. as the time of her arrival. The admitting doctor reported that she was intoxicated upon admission, but both she and David testified that they had not consumed any alcohol that evening. Mrs. Hancock sustained a broken arm which resulted in complications necessitating two operations and extensive physical therapy treatments.
On June 9, 1976, Mrs. Hancock filed suit against Grover McLeod and the Boraig Apartments. She then amended her complaint to include Alabama Home Mortgage Company as a defendant. On October 23, 1978, the trial judge granted summary judgment, which was later reversed and remanded by this Court. On March 7, 1980, the trial judge granted Alabama Home's motion for directed verdict. Mrs. Hancock appeals.
The issue before us involves the propriety of the directed verdict.
Hancock contends that her injury was incurred in a common area within the control of Alabama Home and that her injuries "proximately resulted from the negligence of the defendants in negligently permitting, negligently causing, or negligently allowing the said premises located at the Boraig Apartments to be maintained in an unsafe condition to walk therein, and as a proximate consequence of said negligence, [she] was caused to fall" and suffer injury. The law concerning a landlord's liability for injuries incurred on the premises is twofold. While a landlord is liable only for injury incurred in the actual leased premises resulting from latent defects which are known to him at the time of the letting but are concealed from the tenant, he has the duty to maintain the common areas in a reasonably safe condition in order to avoid liability for injury to tenants or their guests. Allen v. Genry, 39 Ala. App. 281, 97 So.2d 928 (1957).
In Prudential Insurance Company of America v. Zeidler,233 Ala. 328, 171 So. 634 (1937), we held:
 The fact that premises are leased to different tenants and families and the walkways are reserved expressly or impliedly for their use in common with other or different tenants make[s] such tenants and families using such common walkways invitees of the owner of the premises, if the relation of landlord and tenant exists. . . .
 . . . [T]he general authorities . . . in this jurisdiction are to the effect that, "to the rule that a tenant takes the leased premises subject to defects not amounting to a trap, there is an exception to the effect that the owner of a building who leases it to different tenants, and expressly or impliedly reserves portions thereof, such as halls, stairways, porches, walks, etc., for the use in common of different tenants, is liable for any personal injury to a tenant, or a person in privity with a tenant, due to defects in the portion of the leased premises of which the landlord so retains control, provided the defect is ascribable to the negligence of the landlord, and the tenant or person injured is not guilty of contributory negligence." [Citations omitted, emphasis supplied in Zeidler.]
This duty is imposed so that "tenants and their invitees may have egress and ingress without unnecessary danger in the due exercise of the privilege or necessity of going to and from such apartment house or office building." Preston v. LaSalleApartments, 241 Ala. 540, 3 So.2d 411 (1941).
The determination of common areas as such is a question of fact. Allen v. Genry, supra. In Hancock v. Alabama *Page 971 Home Mortgage Co., Inc., 372 So.2d 858 (Ala. 1979), the first appeal of the instant case, Justice Jones formulated the following issues for the fact finder relative to common areas:
 1) whether the area wherein the guest was injured was an area over which control was retained by the lessor;
 2) whether the area was one that the lessee (or his guest) was entitled to use as appurtenant to the part leased;
 3) whether the guest was lawfully in the area with the consent of the lessee; and
 4) did a dangerous condition posing an unreasonable risk exist in the area, one which could have been discovered and made safe in the exercise of reasonable care by the landlord?
Based upon the preceding issues, there could be no conceivable way to find that Mrs. Hancock was injured while using a common area (guardrail and dumpster) in the manner and for the purpose for which it was maintained. Furthermore, there is no evidence in this case to indicate any "dangerous condition posing an unreasonable risk." The route that Mrs. Hancock followed was not a walkway, and the curb was not a dangerous condition. All the evidence points to the fact Mrs. Hancock, by virtue of her intoxicated condition, contributed to her injuries.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.