I dissent. I am unpersuaded that the appellee in this case provided sufficient evidence to permit the jury to make a determination on both of the issues of wanton misconduct and
negligence
Alabama law provides that wantonness and negligence cannot exist in the same act or omission. Tombrello v. McGhee,282 Ala. 408, 211 So.2d 900 (1968); Milford v. Tidwell, 276 Ala. 110, 159 So.2d 621 (1963); Thompson v. White, 274 Ala. 413,149 So.2d 797 (1963); Napier v. State, 377 So.2d 1135 (Ala.Cr.App 1979), cert. denied, 377 So.2d 1138 (Ala. 1979). In Thompson vWhite, this Court clearly defined the law:
 Wantonness and negligence cannot exist in the same act or omission, for the reason that wanton or willful misconduct implies mental action; whereas that fact is absent in mere negligence. Wantonness and negligence are hence necessarily distinct colorings of a wrong to another's injury
274 Ala. at 420, 149 So.2d 797
In Alabama "wanton conduct" is defined as the committing of an act with reckless indifference to the consequences of the act, or, a failure or omission to do something with a reckless indifference to the consequences of the omission. The party must be conscious of his conduct and, even though he may have no actual intent to injure someone, be aware from his knowledge of the circumstances and conditions then existing, that his conduct would probably result in an injury to another. Robertsv. Brown, 384 So.2d 1047 (Ala. 1980); W.T. Ratliff Co. vPurvis, 292 Ala. 171, 291 So.2d 289 (1974); Tucker v. Cox,282 Ala. 489, 213 So.2d 222 (1968); Hughes v. Southern Haulers,Inc., 379 So.2d 601 (Ala.Civ.App. 1979)
As to the propriety of an award of punitive damages, this Court has held that such damages are not recoverable for simple negligence (upon which slip and fall cases *Page 355 
are grounded). The only damages that can be recovered in a simple negligence case are compensatory damages. Fireman's FundAmerican Insurance Co. v. Coleman, 394 So.2d 334 (Ala. 1980);Bradley v. Walker, 207 Ala. 701, 93 So. 634 (1922)
It is well settled that in every negligence action there are three essential elements that must be established to enable a plaintiff to recover. First, a duty must be owed by the defendant to the plaintiff. Second, there must be a breach of that duty. Third, an injury must have proximately resulted from that breach. Quillen v. Quillen, 388 So.2d 985 (Ala. 1980);Elba Wood Products, Inc. v. Brackin, 356 So.2d 119 (Ala. 1978) Here, there is no question that the defendant owed a duty of care to the plaintiff. Yet the extent of that duty was dependent upon the plaintiff's status on the defendant's property
If the party was a licensee, then the duty owed to him is not to willfully or wantonly injure him, or not to negligently injure him after finding him in peril. McMullan v. Butler,346 So.2d 950 (Ala. 1977). Here, however, the plaintiff was not a licensee, but an invitee. The defendant-invitor thus had a duty to exercise reasonable care in maintaining its premises as used by the plaintiff-invitee, and to keep those premises in a reasonably safe condition. Yet the invitor is not the insurer of the safety of its invitees. Shaw v. Lipscomb, 380 So.2d 812
(Ala. 1980); Foodtown Stores, Inc. v. Patterson, 282 Ala. 477,213 So.2d 211 (1968); S.H. Kress Co. v. Thompson, 267 Ala. 566, 103 So.2d 171 (1957). Thus, the invitor is liable only for its negligence in failing to exercise reasonable care in maintaining his premises. 267 Ala. at 569, 103 So.2d 171
The majority's decision to affirm the verdict on the wanton count relies upon prior notice to the appellants of another fall in the same location. This prior accident, however, occurred nearly two years before the instant accident and furnishes no inference that it resulted from some defective or dangerous condition or was anything other than an isolated slip and fall
The only other possible evidence of knowledge of notice of some potentially dangerous condition came from Winn-Dixie's store manager, Jack Hutchinson. Mr. Hutchinson testified that even though he was aware of a crack between the sidewalk and the ramp and considered the defect dangerous, at no time did he notify the appellant of the condition, either before or after the plaintiff's accident
At the very most, appellant's notice of a prior fall should be construed as evidence of negligence and not of wantonness In City of Birmingham v. Wright, 379 So.2d 1264 (Ala. 1980), the plaintiff sued the city after falling and injuring herself because of a depression in a sidewalk. There the issue was whether the record contained a scintilla of evidence that the city had notice of the defect in the sidewalk. This Court found that a scintilla of evidence existed, tending to prove negligence — not wantonness. 379 So.2d at 1265-66. Similarly, any notice in the instant case should tend to prove negligence and not wanton conduct
In Schuler v. Nelson Weaver Companies, Inc., 270 Ala. 727,121 So.2d 908 (1960), the facts were somewhat similar to those of the instant case. The plaintiff brought suit to recover for personal injuries sustained as a result of a fall down some steps at the rear of defendant's building. There were two counts in the complaint: one charging negligence and one charging wantonness. The wanton count was submitted to the jury, but a new trial was granted which was affirmed on appeal The evidence showed that there was no handrail on the steps, which were apparently about four-and-one-half feet high, and that they were constructed of a smooth, slick, concrete finish and were considerably slicker when wet. The injured plaintiff's husband was an employee of the defendant. Significantly, plaintiff's husband testified that he had informed the defendant's manager that the steps were slick and that some corrective measure should be taken, but that no correction, however, was made. Another employee of defendant testified that she had slipped on the step but had not fallen. On the day of the accident, the plaintiff was *Page 356 
injured while entering the building during a rain
While the Court did not specifically address the issue of notice and the failure to take corrective action it held:
 No case has been cited to us and we have found none where any court has held that evidence similar to that presented in this case was sufficient to go to the jury on a charge of wantonness
270 Ala. at 730, 121 So.2d 908. The Court went on to say that no one had ever fallen on the steps as far as the record disclosed, and held that the absence of handrails on the stairs, when considered with the slipperiness of the stairs, was insufficient to show wanton conduct on the part of the defendant in the maintenance of the steps
I believe that the holding of that case would likewise apply here and that no wanton misconduct claim can be sustained. For the foregoing reasons, I would reverse on the issue of submitting the claim based on wanton misconduct