The plaintiff, Viola Campbell, appeals from a summary judgment in favor of the defendants, Valley Garden Apartments and Oxford Properties, Inc., d/b/a Valley Garden Apartments.
The plaintiff, Viola Campbell, has lived in the Valley Garden Apartments since 1984. In 1986, she moved into the apartment *Page 241 
where she now resides. There was at that time a sidewalk connected to Campbell's apartment that led to the garbage dumpster. Part of the sidewalk was a steel plate suspended over a drainage ditch.
The evidence before the trial court, viewed in a light most favorable to the plaintiff, indicates the following: In November or December 1988, Campbell told her son that the steel plate was slippery. Campbell's son complained to the resident manager of Valley Garden. At that time, Campbell's son was employed as a painter for the apartment complex. Campbell's son told the resident manager that the steel plate was slippery and that someone could easily slip and fall on it and thereby be injured. He claims that the resident manager agreed that the steel plate was "slick." Campbell's son also complained to the maintenance manager about the slippery condition of the steel plate.
On February 6, 1989, Campbell slipped on the steel plate and was injured. Campbell stated that it was raining and that the ground was frozen on the day she was injured. She claims that sometime after she was injured, the steel plates were painted. The owner of Valley Garden Apartments stated that the steel plates were painted with a compound that had a sandy substance in it, in order to give the steel plates a rough texture, but the owner said he was not sure if the steel plates had been painted prior to Campbell's injury.
An architect viewed the plates after the accident and stated that there was a coating on the steel plates that created a nonslip surface. The architect stated that in his opinion, based on the large amount of rust underneath the coating, the coating had been applied recently. He also stated that because the steel plate was suspended over the drainage ditch it would freeze over before the ground or the sidewalk would freeze over once the temperature was cold enough.
Campbell sued Valley Garden, alleging negligence and wantonness in maintaining the sidewalk. Valley Garden moved for a summary judgment, which the trial court entered. Campbell appeals.
Campbell argues that Valley Garden owed her a duty to safely maintain the sidewalk and that it breached this duty. Campbell contends that Valley Garden knew of the slippery condition of the steel plate connected to the sidewalk and failed to exercise reasonable care to make the sidewalk safe. Campbell also contends that Valley Garden knew that harm could come from having a slippery steel plate on a sidewalk. Valley Garden argues that Campbell knew of the allegedly dangerous condition of the sidewalk and was contributorily negligent, as a matter of law, in causing her injury.
A summary judgment is appropriate only when the moving party shows "that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the nonmoving party must rebut that showing by presenting substantial evidence to create a genuine issue of material fact. § 12-21-12, Ala. Code 1975; Hope v. Brannan,557 So.2d 1208 (Ala. 1990). The evidence will be viewed in a light most favorable to the nonmoving party. King v. Winn-Dixie ofMontgomery, Inc., 565 So.2d 12 (Ala. 1990).
A landlord has the duty to maintain common areas in a reasonably safe condition in order to avoid liability for injury to a tenant or a guest. Hancock v. Alabama Home Mortg.Co., 393 So.2d 969 (Ala. 1981). "This duty is imposed so that 'tenants and their invitees may have egress and ingress without unnecessary danger in the due exercise of the privilege or necessity of going to and from [the tenant's] apartment house or office building.' " Hancock, 393 So.2d at 970, quotingPreston v. LaSalle Apartments, 241 Ala. 540, 3 So.2d 411
(1941).
The Restatement (Second) of Torts § 343A (1965) states:
 "(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate *Page 242 
the harm despite such knowledge or obviousness."
As quoted in Terry v. Life Ins. Co. of Georgia, 551 So.2d 385,386 (Ala. 1989).
We note that illustration 5 to § 343A, Restatement (Second)of Torts (1965), is analogous to the present case:
 "A owns an office building, in which he rents an office for business purposes to B. The only approach to the office is over a slippery waxed stairway, whose condition is visible and quite obvious. C, employed by B in the office, uses the stairway on her way to work, slips on it, and is injured. Her only alternative to taking the risk was to forgo her employment, A is subject to liability to C."
This Court has written:
 "[O]nce it has been determined that the duty owed to an invitee has been breached, questions of contributory negligence, assumption of risk, or whether the plaintiff should have been aware of the defect are normally questions for the jury."
Terry, 551 So.2d at 386-87. A summary judgment is rarely appropriate in a negligence case. Berness v. Regency SquareAssociates, Ltd., 514 So.2d 1346 (Ala. 1987).
There was evidence that before her fall Campbell knew of the slippery condition of the steel plate connected to the sidewalk. However, only by crossing the steel plate could she go to the garbage dumpster, unless she walked through the drainage swale. Therefore, we cannot say that Campbell was contributorily negligent as a matter of law so as to bar her claim. There are factual questions for a jury to answer in this case. She also presented evidence that the apartment complex knew of the slippery condition of the steel plate. It can reasonably be inferred that the defendant could have anticipated harm from the condition of the steel plate on the sidewalk.
The summary judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS and INGRAM, JJ., concur.