962 So.2d 847 (2006)
LaWanda McDONALD
v.
LIGHAMI DEVELOPMENT COMPANY, L.L.C., and Jeff Light.
2050572.
Court of Civil Appeals of Alabama.
December 8, 2006.
Certiorari Denied March 9, 2007.
*848 Larry C. Moorer, Mobile, for appellant.
C. Robert Gottlieb, Jr., Mobile, for appellees.
Alabama Supreme Court 1060450.
CRAWLEY, Presiding Judge.
LaWanda McDonald was visiting the apartment of a friend, Lena Boykin, when she fell on a walkway leading from Boykin's apartment to the parking lot. McDonald sued Boykin's landlord, Lighami Development Company, L.L.C., and the landlord's vice president, Jeff Light, as well as two other defendants,[1] alleging that their negligence and wantonness had caused her injuries. Lighami Development and Light answered and denied liability, conducted limited discovery, and then moved for a summary judgment.
The trial court entered a summary judgment in favor of Lighami Development and Light and made that judgment final pursuant to Rule 54(b), Ala. R. Civ. P. McDonald timely appealed to the Alabama Supreme Court. The supreme court transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975. We affirm the judgment on the wantonness claim and reverse the judgment on the negligence claim.
The material facts were not in conflict. The evidence indicated that on December 26, 2002, McDonald and her friend, Adrian Mitchell, went to visit Lena Boykin at Boykin's apartment. McDonald and Mitchell arrived in the early evening and departed at approximately midnight. Although it was not raining when the pair left, the ground was wet because it had rained earlier in the day. When they left Boykin's apartment, McDonald and Mitchell walked on some concrete stepping stones in the parking area. Boykin cautioned them to be careful and to "watch [their] step" because, she said, it was dark, the ground was mushy, and the stepping stones were often slippery after a rain. When McDonald stepped on one of the *849 concrete stepping stones, it shifted or sank in the mushy ground. McDonald lost her balance, fell, and broke her ankle.
In support of the defendants' motion for a summary judgment, Light submitted his own affidavit stating that there is an oyster-shell parking lot for the tenants in front of Boykin's apartment. The concrete stepping stones were once used as the parking pad for a garage that no longer exists. Light said that, before McDonald's fall, he had not received any complaints "that there was a problem with the concrete stones embedded in the ground." He stated that the stones appeared to him to have been "firmly embedded in the ground."
Boykin testified by deposition that, before McDonald's accident, she had left two telephone voice messages for Light and had spoken to him once, telling him that the stepping stones were broken and slippery and that the ground around the stepping stones was slippery in wet weather. She informed Light that she had sprained her ankle when her foot slipped into a crack in the stepping stones. Boykin did not say whether the "crack" into which her foot had slipped was the gap between two stepping stones or whether it was the fissure in a single broken stepping stone. She also did not say whether her sprain had occurred when the ground was mushy and the stones were wet after a rainfall. Boykin explained that when the weather was wet, the earth around the stepping stones "gets all mushy and slick." Boykin testified that Light was aware of the wet and mushy conditions because, she said, on several occasions he had come by to pick up the rent from her when the ground was wet and mushy. Boykin said that Light responded to her complaints about the stepping stones by stating that he "would see about it."

Standard of Review
Appellate review of a summary judgment is de novo. Ex parte Ballew, 771 So.2d 1040 (Ala.2000). A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Rule 56(c)(3); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, "the burden then shifts to the nonmovant to rebut the movant's prima facie showing by `substantial evidence.'" Lee, 592 So.2d at 1038 (footnote omitted). "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Fla., 547 So.2d 870, 871 (Ala.1989); see Ala.Code 1975, § 12-21-12(d).

Negligence
The parties agree that McDonald's injury occurred in a common area that tenants and their guests were entitled to use. In Hancock v. Alabama Home Mortgage Co., 393 So.2d 969, 970 (Ala. 1981), the Alabama Supreme Court stated the rule of law applicable to this case:
"The law concerning a landlord's liability for injuries incurred on the premises is twofold. While a landlord is liable only for injury incurred in the actual leased premises resulting from latent defects which are known to him at the time of the letting but are concealed from the tenant, he has the duty to maintain the common areas in a reasonably safe condition in order to avoid liability for injury to tenants or their guests. Allen v. *850 Genry, 39 Ala.App. 281, 97 So.2d [8]28 (1957)."
Alabama cases "have long recognized the rule that `[a] landlord has the duty to maintain common areas in a reasonably safe condition in order to avoid liability for injury to a tenant or guest.'" Gentle v. Pine Valley Apartments, 631 So.2d 928, 932 (Ala.1994), quoting Campbell v. Valley Garden Apartments, 600 So.2d 240, 241 (Ala.1992). See also Howard v. Lillco Corp., 920 So.2d 553, 556 (Ala.2005); Nayman v. Tracey, 599 So.2d 604, 606 (Ala. 1992); Vick v. H.S.I. Mgmt., Inc., 507 So.2d 433 (Ala.1987); Mitchell v. Moore, 406 So.2d 347, 351 (Ala.1981); Hancock v. Alabama Home Mortgage Co., 372 So.2d 858, 859 (Ala.1979); and Mudd v. Gray, 200 Ala. 92, 93, 75 So. 468, 469 (1917). A landlord's duty to tenants and their guests is to exercise reasonable care to discover and remedy any dangerous condition in common areas such as stairs and walkways under the landlord's control. See Restatement (Second) of Torts § 360 (1965)(quoted in Hancock v. Alabama Home Mortgage Co., 372 So.2d at 859). Section 360, as quoted in Hancock, states:
"`A possessor of land who leases a part thereof and retains in his own control any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risks involved therein and could have made the condition safe.'"
372 So.2d at 858 (emphasis added). Comment F to § 360 of the Restatement, as quoted in Hancock, states:
"`. . . . If the terms of the lease entitle the lessee to permit third persons to come upon the part of the land retained within the lessor's control, it is immaterial whether they come as invitees of the lessee or as his licensees. It is the lessor's business, as such, to afford his lessee facilities for receiving all persons whom he chooses to admit for any legitimate purpose. Therefore, a person who, as between himself and the lessee, is a licensee enters the land on a matter directly connected with the business of the lessor. He is, therefore, entitled to expect that the lessor will exercise reasonable care to discover and remedy any condition which makes his acceptance of the lessee's license dangerous to him.'"
372 So.2d at 859 (emphasis added). See also Mudd v. Gray, 200 Ala. at 93, 75 So. at 469 (stating that "the authorities seem to be very generally agreed that it is the duty of the landlord to use reasonable care to keep in good repair and safe condition such reserved portions of the premises; and if he negligently fails to do so, and [a tenant's guest] is injured on account of such defective or unsafe condition, while exercising due care, the lessor is responsible therefor"). See generally Allan E. Korpela, Annotation, Landlord's Liability for Injury or Death due to Defects in Outside Walks, Drives, or Grounds Used in Common by Tenants, 68 A.L.R.3d 382, 410 (1976) (stating that "[t]he cases discussed throughout this annotation apparently all support . . . the proposition that a landlord is liable for injury or death suffered as a result of defects in common outside walks, drives, or grounds retained under his control only if the landlord knew, or by the exercise of reasonable care would have known, of the defective condition causing the injury, sufficiently in advance of the injury so that he could have repaired the defect or given warning *851 thereof" (footnote omitted; emphasis added)).
In opposition to the defendants' motion for a summary judgment, McDonald presented substantial evidence indicating that Light had constructive knowledge that the stepping stones were hazardous in wet weather. McDonald submitted Boykin's deposition testimony indicating that, before McDonald's injury, Boykin had informed Light that the stepping stones were broken and slippery and that the ground around the stepping stones was mushy in wet weather. Boykin also stated that Light had personally observed the mushy condition of the ground around the stones in wet weather because, she said, on several occasions Light had come to pick up the rent from Boykin during or after a rainfall. Furthermore, Boykin informed Light that she had previously sprained her ankle when her foot slipped into a crack in the stepping stones. The foregoing evidence presents a question of fact as to whether, in the exercise of reasonable care, Light should have discovered and remedied the tendency of the stepping stones to move or shift in wet ground. Because McDonald presented substantial evidence indicating that Light had constructive notice that the stepping stones were hazardous in wet weather, she was not required to present evidence indicating that Light was on notice of the particular defect that caused McDonald's injury. See Leydecker v. Brintnall, 158 Mass. 292, 298, 33 N.E. 399, 401 (1893) (holding that, when a tenant's employee stepped on a brick in a common walkway, and the brick sank beneath him as a consequence of an overflow of water around the bricks, and the employee fell and was injured, the following rule of law was applicable: a landlord "owe[s] to his tenant and those employed by such tenant the duty not to expose them to a dangerous condition of the place which reasonable care on his part would have prevented." The court concluded that "it is not necessary that the [landlord] should have known of the defect in order to be liable for it." (emphasis added)).
As our supreme court stated in Campbell v. Valley Garden Apartments:
"There are factual questions for a jury to answer in this case. [The plaintiff] . . . presented evidence that the apartment complex knew of the slippery condition of the [stepping stones and the ground around them in wet weather]. It can reasonably be inferred that the defendant could have anticipated harm from the condition of the [stepping stones and the ground around them in wet weather]."
600 So.2d at 242. The judgment in favor of the defendants on the negligence count is therefore reversed.
Wantonness
"`"Wantonness has been defined as the conscious doing of some act or the omission of some duty [while] under knowledge of existing conditions and while conscious that, from the doing of such act or the omission of such duty, injury will likely or probably result, and before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the result. . . . "'
"Roberts v. Brown, 384 So.2d 1047, 1048 (Ala.1980), quoting Lewis v. Zell, 279 Ala. 33, 36, 181 So.2d 101 (1965)). In order to constitute wantonness, a failure to act must be accompanied by knowledge that someone is probably imperiled, and thus failure to act must be in reckless disregard of the consequences. . . . *852 `That which constitutes wanton misconduct depends upon the facts presented in each particular case.' American Pamcor, Inc. v. Evans, 288 Ala. 416, 261 So.2d 739 (1972)."
Berness v. Regency Square Associates, Ltd., 514 So.2d 1346, 1349-50 (Ala.1987).
Citing Mitchell v. Moore, 406 So.2d 347 (Ala.1981), McDonald contends that when a landlord has notice of a previous fall in the location of the plaintiff's fall and the landlord has taken no steps to investigate or remedy the defect that allegedly caused the prior fall, there is sufficient evidence to support a wantonness claim against the landlord. Accordingly, McDonald argues, the trial court erred by entering a summary judgment on the wantonness claim.
In Mitchell, the plaintiff was injured when she tripped and fell on a "jagged crack" between the inclined ramp and the sidewalk outside a grocery store. The plaintiff's negligence and wantonness claims were submitted to a jury. The evidence indicated that "at least one other person, previous to [the plaintiff's] fall, tripped and fell at the crack at the same site." 406 So.2d at 350. The jury rendered a general verdict for the plaintiff, after which the defendant moved for a judgment notwithstanding the verdict (now a judgment as a matter of law, see Rule 50, Ala. R. Civ. P.) or a new trial on the wantonness count; the trial court denied both motions.
Over a strong dissent by Chief Justice Torbert, a majority of the Mitchell court concluded that the evidence of wantonness was sufficient.[2] Chief Justice Torbert opined that the landlord's notice of a prior fall in the same area would "tend to prove negligence and not wanton conduct." Mitchell, 406 So.2d at 355 (Torbert, C.J., dissenting). Chief Justice Torbert pointed out that
"[the] prior accident . . . occurred nearly two years before the instant accident and furnishe[d] no inference that it resulted from some defective or dangerous condition or was anything other than an isolated slip and fall."
Id. Moreover, the Chief Justice observed that, in an earlier case with similar facts, Schuler v. Nelson Weaver Cos., 270 Ala. 727, 121 So.2d 908 (1960), the court had held that the evidence of wantonness was insufficient.
In Schuler, the defendant had been warned by an employee that the steps were slick and the defendant also had notice that, before the plaintiff fell on the steps, another individual "had slipped on the steps but had not fallen." 270 Ala. at 730, 121 So.2d at 910. Under those facts, the Schuler court went so far as to say:
"No case has been cited to us and we have found none where any court has held that evidence similar to that presented in this case was sufficient to go to the jury on a charge of wantonness."
Schuler, 270 Ala. at 730, 121 So.2d at 910 (emphasis added).
The instant case is strikingly similar to Schuler. Boykin notified Light that the stepping stones were broken and slippery and that the ground around the stones was mushy in wet weather. Boykin also told Light that she had sprained her ankle when she stepped into a crack in the stones, but she did not say whether she attributed her sprained ankle to a broken stepping stone or to a stone that was slippery in wet weather. Like Schuler *853 and unlike Mitchellthere was no evidence in the instant case indicating that Boykin or anyone else had ever fallen on the stepping stones before McDonald fell. In our judgment, therefore, this case is distinguishable from Mitchell. Further, we note that six years after Mitchell, the supreme court, without citing Mitchell, held that a landlord's notice of a prior fall was "not sufficient to foreclose entry of a summary judgment on the wantonness count." Berness v. Regency Square Assocs., Ltd., 514 So.2d at 1350.[3]
In Berness, the tenant of a store in a shopping mall sued the landlord, alleging, among other things, that the landlord's negligence and wantonness in failing to inspect and repair loose concrete in the parking lot proximately caused her to fall and injure herself. The trial court entered a summary judgment in favor of the landlord on both claims. The supreme court reversed the judgment on the negligence claim and affirmed the judgment on the wantonness claim.
In opposition to the landlord's motion on the wantonness claim, the plaintiff submitted an affidavit indicating that, before the plaintiff's fall, the landlord knew "that another elderly lady had [previously] fallen in the same area where the pavement was broken." 514 So.2d at 1350. The supreme court held that "this evidence was not sufficient to foreclose entry of a summary judgment on the wantonness count" because "the affidavit does not show what caused the fall of the elderly lady, only that it happened in the same area." Id.
Because the facts of Schuler most closely approximate the facts in the instant case and because our supreme court appears to have departed from Mitchell in Berness, we conclude that the evidence of wantonness in this case was insufficient to withstand the defendants' motion for a summary judgment. Therefore, the judgment in favor of the defendants on the wantonness count is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MURDOCK, J., concurs in part and concurs in the result in part, with writing.
BRYAN, J., concurs in the result, without writing.
THOMPSON, J., concurs in part and dissents in part, with writing, which Pittman, J., joins.
MURDOCK, Judge, concurring in part and concurring in the result in part.
I concur in the main opinion's analysis of the negligence issue presented in this case. As to the wantonness issue that is presented in this case, it is clear to me that the record does not contain substantial evidence of wantonness on the part of the defendant. Because I do not fully agree with all aspects of the main opinion's analysis as to this issue, however, I only concur in the result reached by the main opinion as to this issue.
THOMPSON, Judge, concurring in part and dissenting in part.
I concur in that part of the main opinion that affirms the trial court's judgment on the issue of wantonness. I must respectfully dissent from that part of the main opinion that reverses the trial court's judgment on the issue of negligence.
The main opinion concludes, based primarily on a comment to a section of the Restatement (Second) of Torts and a Massachusetts case (neither of which was cited by the appellant, LaWanda McDonald), that because the defendants were on notice *854 of certain problems with the stepping stones, they were required to discover and remedy all potential problems in the stepping stones, even those not reported to them.
In Campbell v. Valley Garden Apartments, 600 So.2d 240 (Ala.1992), upon which McDonald relies in her brief on appeal, a tenant was injured after slipping on a slick steel plate located on a walkway. The tenant sued her landlord, who successfully moved for a summary judgment. Our supreme court reversed. The evidence in that case indicated that the landlord's management company had been informed that the metal plate was slick and could cause a fall. The court concluded that "[i]t can reasonably be inferred that the defendant could have anticipated harm from the condition of the steel plate on the sidewalk." Campbell v. Valley Garden Apartments, 600 So.2d at 242.
"`[I]t is the duty of the landlord to use reasonable care to keep in good repair and safe condition [common areas] of the premises'" and "`if he negligently fails to do so'" liability may be imposed for any resulting injury. Mitchell v. Moore, 406 So.2d 347, 352 (Ala.1981) (quoting Mudd v. Gray, 200 Ala. 92, 93, 75 So. 468, 469 (1917)). In Campbell v. Valley Garden Apartments, supra, the landlord had been informed of the condition that eventually caused injury to the plaintiff. Thus, it does not appear that the landlord used reasonable care to maintain the premises to keep them in a safe condition.
The evidence viewed in a light most favorable to McDonald indicates that as she walked along the stepping stones, one of those stones moved in the wet, soft ground. McDonald testified that the movement or shift in the stepping stone caused her to fall and injure her ankle. Lena Boykin, a tenant, stated that she had informed Jeff Light that the stepping stones and the ground around the stones were slippery when they were wet. However, the record contains no evidence indicating that Boykin or any other person informed either of the defendants that the stepping stones sometimes shifted when one walked upon them after a rain. The defendants presented evidence indicating that, among other things, Light did not realize that the stepping stones were not properly embedded in the ground. Specifically, Light testified that "[t]he stones appeared to me, prior to [McDonald's fall], to be firmly embedded in the ground." Thus, unlike the situation in Campbell v. Valley Garden Apartments, supra, there is no evidence indicating that the defendants in this case were notified of the condition that later caused McDonald's injury.
The defendants made a prima facie showing that they were not aware of the condition that ultimately caused McDonald's injury. In response, McDonald was required to present substantial evidence to demonstrate that there existed a material question of fact on that issue. See Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182, 184 (Ala.1999) ("When the movant makes a prima facie showing that those two conditions are satisfied [i.e., that the evidence does not create a genuine issue of material fact and that the movant is entitled to a judgment as a matter of law], the burden shifts to the nonmovant to present `substantial evidence' creating a genuine issue of material fact.").
McDonald failed to present substantial evidence indicating that either of the defendants knew of the condition that caused her injury or that they "could have anticipated harm from the condition" of the stepping stones shifting when walked upon. Campbell v. Valley Garden Apartments, 600 So.2d at 242. Thus, the evidence does not support a conclusion that the defendants negligently failed to keep *855 the common areas in good repair so as to prevent injury to those using the common areas. See Hancock v. Alabama Home Mortgage Co., 393 So.2d 969 (Ala.1981). Accordingly, I would affirm the summary judgment entered in favor of the defendants on McDonald's negligence claim.
PITTMAN, J., concurs.
NOTES
[1] McDonald also sued David Bradley Investment and Dale Jerome Osborn d/b/a/ W.C. Investment, both of which were served with McDonald's complaint. Only Osborne filed an answer. The record contains no further pleadings or motions filed by or with regard to these two defendants.
[2] Mitchell was decided under the scintilla-of-evidence rule. Under that rule, "if even the slightest amount of relevant evidence exists on an issue, then . . . the issue must go to the jury." Black's Law Dictionary 1373 (8th ed.2004).
[3] Berness was also decided under the scintilla-of-evidence rule.